Lake, Ch. J.
Tbe action in tbe court below was on a promissory note, executed by tbe defendant to tbe plaintiff on tbe tbe tbirtietb day of December, 1873. Tbe petition was in tbe usual form.
Tbe defendant answered, in substance, that on or about tbe first day of November, 1873, the plaintiff entered into a contract to furnish, and deliver to him, a certain bill of lumber to be used in tbe erection of a dwelling-house, for tbe agreed price of $300.00, which was to be paid on receipt of tbe lumber; that tbe plaintiff agreed to furnish “ best siding,” but actually delivered “second siding,” whereby be averred be was damaged to tbe extent of $200.00, for which be prayed judgment against tbe plaintiff; and that tbe note in question was given “as tbe *432 balance of the consideration agreed to be paid” for said lumber.
To this answer the plaintiff interposed a demurrer, but assigned no reason therefor. The demurrer was sustained, and the ruling of the court thereon is alone assigned as error. In the argument at the bar, it was contended by the plaintiff in error that this demurrer should have been disregarded by the court, because no ground therefor was given. Section 109 of the Civil Code provides that “ the plaintiff may demur to one or more of the defenses set up in the answer, stating in his demurrer the grounds thereof.” I think it was intended by this section that the pleader should set forth distinctly in his demurrer the grounds of his objection to the answer; and if he fail to do so, a compliance with this provision should be required on a motion being filed for that purpose. It seems to be the right of a defendant to be informed of the objection taken to his answer so that he may be prepared to meet it. But where, as was the case here, the defendant proceeds to the hearing of such a demurrer without objection, I see no good reason why it may not be regarded as analogous to the case of a like demurrer to a petition, and as a sufficient objection that the answer constitutes no valid defense to the plaintiff’s cause of action. This was the course that seems to have been pursued in the court below, and I consider it correct practice. But, does this answer, fairly construed, make any defense whatever to the petition? This question must be answered in the negative, for the following reasons: It is alleged that the plaintiff did not furnish “the quality and quantity of lumber” that his contract called for. In addition to this, all that is averred is, that he delivered “second siding,” while the contract called for “best siding.” But as to whether there was any substantial difference, in the value of these two qualities, and if so, how much, the answer is silent. If there were any difference, prejudicial to the *433 defendant, it should have been distinctly set forth. And as to the “quantity ” nothing further is alleged, and we are left by the pleader in darkness as to the extent of the deficiency. But another and still more formidable objection to this answer is found in the fact which it discloses, that the lumber was all received by the defendant without objection, and was used, and mostly paid for, before this note was given for the balance due on the account. In the absence of any fraud, or mistake, neither of which is alleged, this should be regarded as a waiver by the defendant of any merely technical failure on the part of the plaintiff to perform his part of the contract; and as conclusive evidence that the contract was in fact performed to the defendant’s entire satisfaction.
Erom a critical examination of this answer, I am satisfied that it should be regarded as entirely frivolous.
There is no error apparent in the record, and the judgment of the court must be affirmed.
Judgment affirmed.