Huston v. Cox.

---

No. 21,467.

EDWARD J. HUSTON et al., *Appellees,* v. GEORGE W. COX et al., *Appellants.*

SYLLABUS BY THE COURT.

1. JURISDICTION—*Oil and Gas Lease—Land in another County—Appointment of Receiver.* A receiver may be appointed by the district court for an oil and gas lease of land beyond the jurisdiction, when the instrument merely creates an incorporeal hereditament, and in any event when the court has jurisdiction of the persons of the interested parties.

2. OIL AND GAS LEASE—*Mining Partnership.* Unless an ordinary partnership has been created, a mining partnership between cotenants of an oil and gas lease may exist only while they actually engage in working the property.

3. SAME—*Receiver Properly Appointed.* The evidence considered, and *held,* a receiver was properly appointed for an oil and gas lease, although the interested parties were merely cotenants.

Appeal from Sedgwick district court, division No. 1; RICH-
ARD E. BIRD, judge. Opinion filed May 11, 1918. Affirmed.

*David Smyth,* and *J. W. Smyth,* both of Wichita, for the
appellants.

*Thomas C. Wilson, Jean Madalene,* and *Charles B. Hudson,*
all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal is taken from an order of the district
court appointing a receiver.

The petition prayed for dissolution of a partnership, for an
accounting, and for disposition of the partnership property.
The appointment of a receiver was asked by way of provisional
and auxiliary relief. The chief ground of opposition to the
appointment of a receiver was that the subject of the action
was real estate situated in Butler county, and consequently
that the court had no jurisdiction to appoint a receiver for it.

The property involved is an oil and gas lease. The lease is
of the familiar kind granting the right to enter on described
land, explore for oil and gas, and if oil and gas be found in pay-
ing quantities, to operate and produce. The decisions of this
court are too numerous to require citation, that instruments of
that character are not leases, in the strict sense. The term
lease is applied to them merely through habit and for con-
venience. They create no estate in land, but merely a kind of
license. In the case of *Oil Co. v. McEvoy,* 75 Kan. 515, 89 Pac.
1048, it was said they create an incorporeal hereditament, that
is, a right growing out of, or concerning, or annexed to, a cor-
poreal thing, but not the substance of the thing itself. In the
case of *Robinson v. Smalley,* 102 Kan. 842, 171 Pac. 1155, this
nomenclature was approved and applied.

In this instance the right granted was exclusive to the
grantees, and it is said this fact changed the nature of the
grant. The circumstance that the grantors precluded them-
selves from making other leases did not change the thing the
grantees acquired from one of an incorporeal to one of a cor-
poreal nature.

Besides what has been said, it is unnecessary that property
constituting the subject matter of a receivership be within the

Huston v. Cox.

jurisdiction of the court, provided the parties in interest be subject to the control of the court. In this instance the court acquired jurisdiction of the persons of the defendants by personal service and by an answer to the merits, and it would have made no difference if the property had been land. (High on Receivers, 4th ed., § 44.)

Cox and Brush negotiated for the lease, which provided the lessors should receive one-eighth of the mineral produced. Cox and Brush took the lease in their own names. Huston and his associates contributed $3,200 to the enterprise. Huston and his associates signed a contract relating to the matter, and there was evidence that Cox and Brush were to sign, but refused to do so after the lease was procured. Material portions of the contract follow:

"This agreement is further made with the understanding that the money hereto subscribed is to be used in conjunction with procuring one certain lease which George W. Cox and William H. Brush are obtaining on the northeast quarter (¼) of section twenty-six (26), township twenty-five (25), range four (4), containing one hundred sixty (160) acres more or less. The parties subscribing hereto are to receive one-eighth of all oil, gas, or minerals produced on said quarter section, for furnishing said thirty-two hundred ($3,200) dollars as a bonus in securing said lease. The owners of said land are to receive one-eighth of all oil, gas and mineral produced on said quarter section; said George W. Cox and William H. Brush are to receive one-eighth of all oil, gas or mineral produced on said quarter section; and said George W. Cox and William H. Brush and parties subscribed hereto or which may subscribe hereto are to hire parties to develop said quarter section for oil, gas, and mineral, by giving the other five-eighths portion of all production of oil, gas and minerals to such drillers as may be so hired, unless responsible drillers may be secured to develop said quarter section for less than a five-eighths portion of the production, in which case the extra profit at all times shall be divided equally into two equal portions, and said George W. Cox and William H. Brush are to receive one-half, and the subscribers hereto are to receive the other half. No contract for developing shall be let except that a well be drilled at least to a depth of twenty-seven hundred fifty (2,750) feet, unless oil or gas is found in paying quantities at a less depth.

"The subscribers hereto are at all times to share in the profits in the proportion that the amounts set opposite their names and paid in bears to the total sum of thirty-two hundred ($3,200) dollars subscribed.

"At all times the total number of subscribers hereto shall have equal powers and interest with said George W. Cox and William H. Brush in managing and transacting business with reference to said lease."

The court found that the relationship between the parties

The State, ex rel., v. Crawford.

constituted a mining partnership. The court was in error. Mining partnerships are indulged between coöwners only when they actually engage in working the property. Before actual operations begin, and after actual operations cease, they are simply cotenants, unless, of course, an ordinary partnership has been formed. (3 Lindley on Mines, 3d .ed., § 796, and following sections.)

It is said the order appointing the receiver was erroneous because based on the .finding of a mining partnership. The conclusion does not follow, from the premise. .While the parties are merely cotenants of an incorporeal hereditament, the evidence was that they have reached an *impasse.* They cannot agree with respect to their rights, or the management of the property, or a disposition of it. There is no reason why a court of equity should not solve the situation; and meanwhile a receiver to hold the lease, protect the property, and perform other functions, is a proper and justifiable auxiliary.

The judgment of the district court is affirmed.