COMMODORE C. HAMPTON ET AL., APPELLANTS, V. PETER O'SHEA ET AL., APPELLEES.

FILED NOVEMBER 28, 1927. No. 25996.

*White & Leyda* and *William H. Heiss*, for appellants.

*J. M. Fitzgerald, contra.*

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is an appeal from a decree determining that the district court for Banner county was without jurisdiction to appoint a receiver in a suit pending in the district court for Scotts Bluff county, as such counties were not in the same judicial district. The facts are so involved as to require a detailed statement thereof.

In March, 1920, Peter O'Shea and Matilda O'Shea, his wife, and Charles L. Schuler and Sophia C. Schuler, his wife, appellees, made, executed and delivered to Commodore C. Hampton and Martha E. Hampton, husband and wife, appellants, their promissory note for the sum of $25,000, payable ten years after date, with interest payable annually as per coupons attached. To secure the payment thereof they executed and delivered to the Hamptons their certain mortgage deed on 248 acres of land in Scotts Bluff county. The note and the mortgage each contained an accelerating clause, and the latter an additional clause which provided that the mortgagors should pay "all taxes and assessments levied upon said real estate."

On September 7, 1922, this action was instituted by the Hamptons against the mortgagors and Anna M. Taylor et al., in the district court for Scotts Bluff county, to foreclose the mortgage. The petition contained the usual allegations, both as to the unpaid taxes, the execution of the note, coupons and the mortgage, the conditions therein, and a breach thereof on the part of the mortgagors by reason of their not having paid interest and taxes when due; also the necessary facts usually alleged for the appointment of a receiver; and that the defendant Taylor claimed some interest in the premises by reason of a tax sale certificate issued to her by the county treasurer of Scotts Bluff county for taxes due on the premises for the year 1920, and a receipt for taxes for the year 1921, but that her lien was inferior to that of plaintiffs' mortgage. The petition also contained the usual prayer for ascertainment of the respective amounts due, priority of liens, that the property be sold, proceeds first applied to the payment of the costs, and then

to the payment of the amount found due and owing to the plaintiffs, and for a deficiency judgment; and that in the meantime a receiver be appointed to take possession of the lands and collect the rents and profits thereof. Legal service of summons was had on each of the defendants. Anna M. Taylor filed an answer and cross-bill, alleging, among other things, that her tax lien covered all the lands described in plaintiffs' mortgage, except lot 6, section 31, township 22 north, range 54; that she had paid the taxes for the year 1920, amounting to $1,795.49 on May 4, 1922, and on May 8, 1922, had paid the taxes for 1921, amounting to $1,485.02, and by reason thereof she asked judgment for $1,795.49, with 15 per cent. interest from May 4, 1922, and $1,485.02, with 15 per cent. interest from May 8, 1922, and also an attorney's fee equal to 10 per cent. of the amount allowed, and prayed that her lien might be determined to be the first and best lien on the premises and prior to that of the plaintiffs' mortgage.

On November 29, 1922, all defendants, save Taylor, having failed to plead, their default was entered; evidence was introduced by plaintiffs covering the facts set forth in their petition, and by defendant Taylor as to her tax lien; and the court entered the ordinary decree of foreclosure and sale, finding generally in favor of plaintiffs, save and except that the tax lien of defendant Taylor was the first lien in suit on the lands in question, and ordered the property sold and the proceeds applied to the payment of the plaintiffs' mortgage, the amount so found due plaintiffs being $29,-427.77, with 10 per cent. interest thereon, and costs; and a stay of nine months at request of defendants was made a part of the decree, which decree was on the same day journalized. However, such decree did not respond to that part of plaintiffs' prayer asking for the appointment of a receiver. The land was sold in the usual manner on January 5, 1925, and was bid in by plaintiff Commodore C. Hampton, in behalf of himself and wife, for the sum of $35,000, which sale was duly and legally confirmed on February 20, 1925. A sheriff's deed was issued to the pur-

chaser May 26, 1926, which was duly recorded, and possession of the premises taken.

In law the decree as entered, until modified or set aside, determined the status of the parties before the court, and their respective interests in the lands involved at the time of its rendition. *Yates v. Jones Nat. Bank,* 74 Neb. 734; *Trainor v. Maverick Loan & Trust Co.,* 92 Neb. 821; *Lackey v. Yekel,* 113 Neb. 382; *Union Central Life Ins. Co. v. Saathoff,* 115 Neb. 385; 15 R. C. L. 430. Hence, that part of the decree determining that defendant Taylor, by reason of her respective tax purchases, had a lien on the lands in suit superior to that of plaintiffs, and this whether such taxes were of a general or special nature, becomes and is immaterial for our consideration, as does also the question as to whether or not the taxes were levied on the mortgage or levied on the land. When, at the sale under the decree, the plaintiffs purchased the premises, they made such purchase subject to the provisions of the decree, and neither party could be heard to gainsay or deny the force of the decree so rendered at the hearing of the application under consideration.

The record also shows that on June 28, 1923, a petition was filed in this case in the district court for Scotts Bluff county, one of the counties of the seventeenth judicial district, by plaintiffs, seeking the appointment of a receiver of the lands involved, and that such receiver be empowered to collect the rents and profits thereof and apply the proceeds to the payment of the taxes against the land; alleging that the land was owned by the mortgagors and was rented by them to certain tenants to be cultivated to sugar beets, and had been under such lease so cultivated; that the amount due plaintiffs, principal and interest, as evidenced by the decree of foreclosure, was $31,144.38; that the taxes against the land for the years 1920, 1921, and 1922 were the sum of $5,415.41, which included that covered by the decree in behalf of defendant Taylor, with interest thereon; that the mortgagors, defendants, had threatened to, and would, appropriate the rentals to their own individual use

and not to the payment of such taxes, and that the property covered by the decree was insufficient to pay the mortgage debt; together with other allegations usually contained in such applications; also in the notice suggested the appointment of J. P. Westervelt as such receiver, and submitted the names of certain ones as bondsmen, which notice and suggestion were served on each of the mortgagor defendants demanding their appearance at the courthouse in Scotts Bluff county, where the case was pending, on July 10, 1923, when the matter of appointing such receiver would be heard. On this petition the defendants joined issue by way of answer filed July 12, 1923, in which they and their wives lodged a general denial; alleging, further, that the premises were their homestead and so occupied; that the premises were not deteriorating, but were being enhanced in value by way of valuable and permanent improvements being then placed thereon; that the premises were worth more than the amount of the incumbrances; that each of the defendants was solvent, and prayed that the petition be dismissed. On the same day it was agreed by and between the plaintiffs and such answering defendants that the application to take charge of the rents and profits accruing on the lands in question "shall be heard before the Honorable J. L. Tewell, district judge presiding at Harrisburg, Banner county, Nebraska (one of the counties of the thirteenth judicial district), on the 12th day of July, 1923; that all matters pertaining to said application be presented to said court, and that the same be disposed of in all things as though said court were sitting in Scotts Bluff county, Nebraska; that all discrepancies of said notice with respect to the time and place of the hearing therein specified be and the same are hereby waived." This stipulation was entitled as in the original suit, and was duly signed by plaintiffs and defendants by their respective attorneys. In pursuance of this agreement, the parties proceeded to Harrisburg, in Banner county, where the entire matter was heard before the court, as indicated in such stipulation, evidence taken, etc. After which, and on the same day, it was found

by the court that such an agreement had been entered into, and that the case was before it by reason thereof; that due and legal notice had been given of the pendency of such application and hearing before such court; that the facts set forth in the application for the appointment of a receiver were true, and found generally in favor of the applicants; ordered that J. P. Westervelt of Gering, Nebraska, be appointed receiver of 175 acres of such real estate, upon which there was at the time a crop of growing sugar beets; but, as to the other portions of the 248 acres, they were exempted from the order as being the homestead of the defendants Charles L. Schuler and Sophia C. Schuler, his wife; further, directed the bonds to be given by applicants and receiver, respectively; and that defendant Schuler might upon proper application to the court make complaint and present same to the court with respect to the land set apart to him as his homestead exemption; that the receiver on his due qualification is ordered to apply any moneys received from the proceeds of such beet crop, first, to the purpose of redeeming the tax sales now against the premises, and that he shall hold the balance of such moneys until the further order of this court; further, that the order shall apply solely to so much of the present beet crop as belongs to defendants O'Shea and Schuler, and shall in no manner affect that portion which belongs to the tenant; that the receiver shall remain in possession of the premises until further order of the court, and shall have full authority to rent the same and apply the proceeds thereof as by the court directed. This order was entered at Harrisburg, July 12, 1923, and on the same day filed and entered upon the journal of the district court for Scotts Bluff county. The respective bonds were duly given and approved, and the receiver entered upon the discharge of his duties, and collected rentals and paid the same out as shown by his report hereinafter referred to, to all of which the defendants, mortgagors, lodged numerous objections and protests, upon which hearings were had, and each thereof overruled. It may be said, however, that in neither of such protests or

objections was the question of the jurisdiction of the court to enter the decree at Harrisburg raised. As lodged, they simply directed the attention of the court to certain reasons previously interposed as to why a receiver should not have been appointed. Finally, on January 7, 1927, and after the receiver had filed his final report and asked the court's approval thereof, the defendants, mortgagors, interposed another petition and objections to the receiver's appointment.

The receiver's report, omitting formal parts, was as follows:

### Items of receipt

| | | | |
|---|---|---|---|
| Nov. | 18-24 | From tenant for oats | $ 85.92 |
| Dec. | 2-24 | Clerk of district court | 2,150.11 |
| Dec. | 4-24 | Clerk of district court | 418.52 |
| Dec. | 13-24 | Clerk of district court | 102.97 |
| Dec. | 13-24 | 1923 beets and tops | 4,785.20 |
| Dec. | 31-24 | Clerk of district court | 419.71 |
| Mar. | 26-25 | Clerk of dstrict court | 419.71 |

$8,382.14

### Disbursements

| | | | |
|---|---|---|---|
| Dec. | 4-24 | Paid on taxes | $ 873.17 |
| Dec. | 15-24 | On tax sale certificate | 6,669.55 |
| Mar. | 27-25 | Gering Lumber Co., lumber for repairs on tenant house | 174.38 |
| Mar. | 28-25 | L. L. Raymond, attorney fees | 200.00 |
| June | 3-25 | Applied on taxes | 419.71 |
| | | Balance on hand deposited in Gering National Bank | 45.33 |

$8,382.14

The facts set forth in the petition and objections of defendants, filed January 7, 1927, as well as those in plaintiffs' answer, and the reply of petitioners thereto, need not be extended herein, as that which was put in issue thereby is

reflected by findings in the decree rendered January 20, 1927, which were, in substance, as follows: A finding generally in favor of defendants, and against the plaintiffs and receiver; that at no time had a final order been made from which an appeal could be had; that the crop of beets was growing on the land at the time of the first application, and was not subject to the mortgage lien; that the proceeds of the 1923 crop received by the receiver was $4,785.20, which was paid into court by the sugar company by agreement of parties, and by the court ordered paid to the receiver, and that defendants are entitled to such proceeds; that under plaintiffs' mortgage they were obligated to pay the general taxes thereon; that the mortgagors' interest in the land was liable for taxes levied for irrigation purposes; that the mortgagees' interest in the land by reason of their mortgage at all times equalled, if it did not exceed, the value of the lands covered thereby, and that all general taxes in question were so levied; that the general taxes levied on lot 6, section 31, township 22 north, range 54, were included in a tax sale certificate issued by the county treasurer to Martha E. Hampton, plaintiff, for the sum of $171.76, was paid by the receiver as such, but that such certificate was in such Hampton's hands uncanceled, and so stood at the time of the sale under foreclosure decree and confirmation of sale; that such amount, with 7 per cent. interest from February 20, 1925, is due defendants, and that it would be inequitable to permit plaintiffs to retain the land without the repayment to defendants of such sum; that the plaintiffs' bid at the foreclosure sale of the premises was $35,000, and sale was so confirmed; that plaintiffs bid in and purchased the lands subject to the tax lien of Anna M. Taylor and her assignees, and are estopped to deny the validity thereof; that they had received the amount thereof with interest from the receiver, and should not be permitted to retain such premises under such sale without paying the sum computed, as evidenced by the respective receipts of the county treasurer, with interest thereon, as by statute provided; that the receiver was without authority to so dis-

burse the money by him received, but that he did, however, apply such funds on the Taylor certificate, without discharging the same, in the sum of $6,669.55 on December 15, 1924, and the sum of $419.71 on June 3, 1925; that he was not authorized to employ an attorney, and must reimburse the fund in his hands by reason of payment made to an attorney, to wit, $200; that the receiver has in his hands, as such, $1,121.12 over and above the amount disbursed on taxes, and should pay such sum without interest to defendants; further, that the judge of the district court for Banner county, in the thirteenth judicial district, as well as the court, was without jurisdiction, and that the order and decree, if any such was entered of record in such court, was without authority, and without jurisdiction on the part of such judge, as well as such court; that the apparent appointment was void, as were all acts of J. P. Westervelt acting thereunder. The court then entered the following judgment:

"(1) That the order dated July 12, 1923, entered in this action and purporting to appoint a receiver over the premises described herein, be and hereby is vacated and set aside as being wholly void. (2) That plaintiffs be and hereby are ordered to comply with (their) bid and pay into court for use of defendants, Peter O'Shea and W. J. Stafford as administrator of the estate of Charles L. Schuler, deceased, the sum of $171.76 with interest from February 20, 1925; $6,669.55 with interest from December 15, 1924; and $419.71 with interest from the 3d day of June, 1925. That the amount of bid applicable on plaintiffs' decree be reduced by said amounts, and said sums shall not be applicable on or considered upon any deficiency herein. That balance of bid after payment of costs be paid and retained by plaintiffs on said decree. That J. P. Westervelt be and hereby is ordered to pay to said defendants the sum of $1,121.12. That said sums exclusive of interest are the total proceeds of crops and rents from said premises for the year 1923 and 1924 received by said Westervelt, and said interest be-

ing from dates that sums were applied to benefit of the plaintiffs herein."

We have carefully examined the bill of exceptions, as well as the transcript, and find that the conclusions of the trial court as to the facts, and the application of the law thereto, are supported by the evidence, and in harmony with the statutes applicable as construed by our previous holdings, save and except as hereinafter corrected and modified.

The law applicable to a receiver acting under a legal appointment, or one holding such position *prima facie* legal, is without application here.

As we conclude, the sum of $873.17 was paid by the receiver on December 4, 1924, in redemption of previous unpaid taxes on lot 6, section 31, township 22 north, range 54, for the years 1920, 1921, 1922, and 1923, and the same was a valid tax on such tract, and that the order to pay the same was included in the original appointment of the receiver, and orders subsequently made by the court in Scotts Bluff county, on application of plaintiffs, the same as in the matter of the other taxes paid by such receiver, and should have received the same consideration and disposition in the decree appealed from. The bid of plaintiffs at foreclosure sale was in law, as well as in equity and justice as between the plaintiffs and this receiver, and the mortgagors, subject to such taxes. Thus, as the payment by the receiver was made at the instance of plaintiffs, and as they and their property were thus relieved from liability to the extent thereof, the plaintiffs, and not the receiver, should be required to reimburse the mortgagors for their money thus wrongfully taken and applied.

We further find that the item of $174.38 for lumber, which forms a part of the disbursements of the receiver, should have been allowed and added to the amount that plaintiffs were required to pay, and not included with that found to remain in the receiver's possession. This lumber was bought, and as we infer the repairs were made, after the plaintiffs had bought the lands and the sale had been con-

firmed, and, as above suggested, such payment was at the plaintiffs' instance.

As to the $200 attorney's fee paid out by the receiver: The record discloses, as above indicated, that the plaintiffs were the moving parties in procuring the appointment of such receiver, as they were as to each and all of the orders directing him as to his duties, and is without evidence showing any necessity on the part of the receiver for an attorney. Further, the record fails to show that an application was made by the receiver for the appointment of an attorney, and we therefore conclude, with the trial court, that an allowance to him should not be made therefor.

The evidence, as well as the findings of the trial court, lead us to determine that, in addition to the amount received by Westervelt, as shown by his report, to wit, $8,382.14, he received $171.76 which he had paid on certificate held against lot 6. Thus, we find that Westervelt received in all the sum of $8,553.90, and that he paid out, and should be credited with having made payments out of such funds in pursuance with orders of the court, the sum of $8,308.57, consisting of the following items:

| | | |
|---|---|---:|
| Dec. 4, 1924, | Paid on tax certificate against lot 6 $ | 873.17 |
| Dec. 15, 1924, | On tax sale certificate of Taylor.... | 6,669.55 |
| Feb. 20, 1925, | On taxes against lot 6...................... | 171.76 |
| Mar. 27, 1925, | Gering Lumber Co. for repairs on tenant house........................................... | 174.38 |
| June 3, 1925, | Applied on taxes................................. | 419.71 |
| | Total...................................................................... | $8,308.57 |

Thus, there remains in the hands of Westervelt, to be by him paid over to the defendants without interest, the sum of $245.33.

As all of the aforesaid payments were made at the instance of plaintiffs and for their benefit, out of funds belonging to defendants, and this without defendants' consent and against their wishes, and as each thereof was applied in payment of obligations that plaintiffs, in order to

clear the title to their property, would have had to pay, and as the same were in reference to the lands in question, a lien for that amount should be impressed upon such lands as an entirety, and plaintiffs be required to reimburse the defendants therefor, together with interest as determined by the trial court; and a day certain should be fixed for such payments, and, upon the failure of plaintiffs to pay the sum at such date, foreclosure of such lien could be had as against such lands, or contempt proceedings instituted.

Therefore, the judgment of the trial court is affirmed in part, reversed in part, and the cause remanded, with directions to modify the original decree to conform with this opinion.

AFFIRMED IN PART, AND REVERSED IN PART.