LANCASTER COUNTY, EX REL. EMILE G. ROSEWELL ET AL., APPELLEES, V. DANIEL R. GRAHAM, APPELLANT.

FILED MARCH 6, 1931. No. 27561.

*H. J. Whitmore*, for appellant.

*Farley Young* and *R. H. Hagelin, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to enjoin defendant from closing a highway or interfering with its use, as such, by the individual plaintiffs. Defendant denied that there was a highway at the point claimed by plaintiffs, and averred that land on which plaintiffs claim a highway is farm land, owned by defendant in fee simple. The trial court found for plaintiffs and granted the injunction. Defendant has appealed.

Defendant contends that the action is not prosecuted in the name of the real party in interest; that the action is by the county of Lancaster alone, and that it has no interest in the case; that Rosewell and Jappert are relators merely and are not parties to the action. An examination of the petition discloses that Rosewell and Jappert are not only relators but are individual plaintiffs. The suit was heard and determined on that theory and will be so treated in this court.

It is further urged that the evidence discloses that defendant was the owner of but an undivided one-fourth interest in the land over which the road was alleged to exist, and that defendant's coowners were necessary parties to the action. A sufficient answer to this contention is that the point was not raised in the trial court, and, furthermore, it does not appear that any one, other than defendant, is questioning the existence of a highway or threatens to close it to the public use or to interfere with plaintiffs' use thereof as a highway.

Complaint is made of errors in the admission of evidence over objection. It is a familiar rule that in the trial of equity cases the court is presumed to have disregarded any incompetent or immaterial evidence that may have been admitted.

It is urged that error was committed in the exclusion of evidence. The record discloses no prejudicial error in that respect.

The principal question for determination is whether there was, under the evidence, a highway established by prescription. There is no contention that any highway was ever laid out or action taken by the public authorities to establish a highway in the location involved. The highway in question, if it exists, is a continuation westward of Hill street in the city of Lincoln. The eastern end of the disputed highway is at Eighth street in the city of Lincoln, and extends to a point that would be represented by Fourth street if extended. It appears that many years ago the Lincoln Street Railway Company ran its street railway lines over Hill street and west over the controverted road. What right was granted to the company, or the nature thereof, does not appear in the record. A few years ago the street railway company removed one of its tracks and rails and later entirely abandoned whatever right it had to use this particular strip of ground. After its abandonment, defendant obtained from the street railway company a quitclaim deed, presumably to the land over which its tracks had formerly existed.

Defendant contends that, since the street railway company had a right of way, no part thereof could be ac-

quired by adverse possession. This court has so held with reference to the right of way of railroads. *Edholm v. Missouri P. R. Corporation,* 114 Neb. 845.

The record is barren of any evidence showing the nature and extent of the right of the street railway company to occupy and use the strip of ground as a right of way. For aught that appears, it may have been a mere permission or license. There is nothing to show the width of the so-called right of way. It is true that a year or two before the commencement of this action the Lincoln Traction Company, successor to the Lincoln Street Railway Company, executed to defendant a quitclaim deed to a strip of land, 66 feet wide, running westward from the west end of Hill street in the city of Lincoln. It is problematical if the street railway or the traction company had any right or title that it could convey. There is a vast volume of evidence showing that this strip of land was used as a highway by a considerable portion of the public for a long period of time, dating back to more than ten years prior to the commencement of this action, and that for the last seven or eight years it has been used very extensively as a highway; that the county authorities have within recent years done some work and grading in putting the highway in order. There is undisputed evidence that defendant, on one occasion, stated that his father had given permission to the street railway company to construct its tracks along this strip, but on the condition that it should also be used as a highway. It is well known that street railway companies acquire rights to lay tracks and operate their cars thereon in the streets of cities, but they do not, by so doing, obtain an exclusive use of the streets, and the public is at liberty to travel over, and has an equal right with the street railway company to the use of, the streets.

In the absence of any evidence that the street railway company ever acquired any title to the strip in controversy, a quitclaim deed from the successor to the street railway company is insufficient to establish title in the grantee of such quitclaim deed. The record discloses that

the public has continuously used this strip of land as a highway for more than ten years previous to the commencement of this action. A highway may be established by prescription when used adversely by the public continuously for a period of ten years or more.

We reach the conclusion that the strip of land in controversy has, by user, become, and is now, a public highway. It necessarily follows that defendant could not lawfully close the road or interfere with its use by the plaintiffs. The injunction was properly granted.

The judgment of the district court is

AFFIRMED.