A. M. MODISETT, APPELLEE, v. KENNETH JOHN CAMPBELL ET AL., APPELLANTS: FIRST NATIONAL BANK OF HAY SPRINGS, APPELLEE.

13 N. W. 2d 126

FILED FEBRUARY 4, 1944. No. 31678.

*Lee Card* and *Charles A. Fisher*, for appellants.

*A. C. Plantz, contra.*

NUSS, District Judge.

Proceeding for the foreclosure of a mortgage on certain lands in Sheridan county, Nebraska, and South Dakota, and for the appointment of a receiver. The petition alleged the execution of a mortgage in the principal sum of $4,056.55, on February 27, 1933, by John and Maggie Campbell; that no part of said principal had been paid nor any interest except two payments aggregating $268.40; that the makers agreed to pay the taxes on the mortgaged property, but none of said taxes had ever been paid. The petition further alleged that both of the makers had died and that the defendant, Kenneth John Campbell, a son, was the sole owner of the property in question. Because of the facts alleged the plaintiff prayed for the appointment of a designated person as receiver and named certain other persons as bondsmen for the receiver and for the plaintiff. The summonses upon the defendant, Kenneth John Campbell, and wife, were served in Medina county, Texas. The defendants filed an "objection to jurisdiction," a special appearance, which was by the trial court overruled and the said defendants allowed 30 days to plead; the defendants thereafter filed a demurrer which was overruled by the court on March 15, 1943. On that date, the plaintiff being present with counsel and the defendants being represented in court by counsel, the court, without objection by defendants, took up the matter of the appointment of a receiver. On such hearing the attorney for the defendants Campbell freely

participated by objection to testimony, cross-examining witnesses, and offering evidence of their own. The trial court ordered a receiver appointed, fixed the bonds and approved the sureties mentioned in the petition. Defendants Campbell appealed.

The defendants rely upon four errors, to wit: (1) Lack of notice for appointment of a receiver; (2) Error in appointing a receiver for the South Dakota land; (3) Error in the approval of the receiver's bond; (4) Insufficiency of evidence to support the appointment of a receiver.

The first point made is that the receiver was appointed without notice to defendants, and therefore such appointment is void. "The statute requiring the giving of notice of an application for a receiver is mandatory, and an appointment made without such notice, in the absence or without the consent of the party affected thereby, is invalid. See Code of Civil Procedure, sec. 274; *Johnson v. Powers,* 21 Neb. 292. But the requirements of the statute in regard to notice may be waived, and should be so regarded where the parties have appeared in court, and resisted the application for receiver on grounds other than the want of proper notice. The object of the statute relative to the giving of notice was to afford the parties interested an opportunity to resist the application, and where there has been a voluntary appearance without notice the purpose of the statute is accomplished, and the giving of the statutory notice is waived unless the want of notice is at the time urged as a reason why a receiver should not be appointed." *Farmers & Merchants Bank v. German Nat. Bank,* 59 Neb. 229, 80 N. W. 820. See, also, *Lackey v. Yekel,* 113 Neb. 382, 203 N. W. 542; 45 Am. Jur. 80, sec. 88.

Although there was a total failure of any receivership notice herein, the defendants Campbell through their attorneys, without any objection for lack of such notice, submitted themselves to the court, participated in the hearing, objected to evidence (on other grounds), cross-examined a witness and called opposing counsel as a witness on defendants' behalf. Nowhere in the record is there anything tend-

ing to show an objection or remonstrance because of such lack of notice, nor anything to show that defendants did not voluntarily, deliberately and advisedly waive notice. The defendants had the full benefit of a fair and impartial hearing precisely as if a formal notice had been given. The defendants do not make any claim that the special appearance or the demurrer raised any question as to the lack of notice of receivership nor do they claim error because of the overruling of said special appearance or demurrer. Nevertheless, we have examined each of them to determine whether any objection to the receivership was therein made. Granting that which is extremely doubtful, to wit, that lack of notice of application for appointment of a receiver may be raised by special appearance or demurrer, nevertheless we find they are insufficient in this case to raise the question. Both the special appearance (*Wendt v. Yant Construction Co.*, 125 Neb. 277, 249 N. W. 599; *Brown v. Goodyear*, 29 Neb. 376, 45 N. W. 618; *Freeman v. Burks*, 16 Neb. 328, 20 N. W. 207; *Gretch v. Maxfield*, 4 Neb. (Unof.) 256, 93 N. W. 934) and a special demurrer (Comp. St. 1929, sec. 20-807; *Colby v. Lyman*, 4 Neb. 429; see, also, *Central Nebraska Public Power & Irrigation District v. Walston*, 140 Neb. 190, 201, 299 N. W. 609; 41 Am. Jur. 451, sec. 226) must specifically point out the defects complained of. There is nothing in the special appearance or the demurrer which raises any question as to the lack of receivership notice.

The next contention of the defendants is that the court erred in appointing a receiver because some of the land is located in South Dakota. They claim that a Nebraska court cannot affect South Dakota land and that the attempt so to do invalidates the receivership. It is settled that a court of one state cannot directly affect real estate situated in another state. *Fall v. Fall*, 75 Neb. 104, 120, 106 N. W. 412, 113 N. W. 175, 121 Am. St. Rep. 767; *Fall v. Eastin*, 215 U. S. 1, 30 S. Ct. 3, 23 L. R. A. n. s. 924, 17 Ann. Cas. 853. It should be borne in mind that the mortgage in question covered land both in South Dakota and in Sheridan county, Nebraska. This is not a case, therefore, where the court, in a

nontransitory action, attempted to act upon land entirely outside its jurisdiction as in *Rober v. Michelsen,* 82 Neb. 48, 116 N. W. 949; *First Nat. Bank v. McFerrin,* 142 Neb. 627, 9 N. W. 2d 166; *Hampton v. O'Shea,* 116 Neb. 230, 216 N. W. 668, and similar cases. Those were local actions relating to real estate which was not in the counties where the actions were brought. Such cases are readily distinguishable from the instant in which some of the land was in the county where the action was brought. The court had undoubted jurisdiction over the subject matter for the purpose of foreclosure and receivership of that part. And since defendants voluntarily submitted themselves to the court upon the receivership matter it is certain that the receivership, in so far as the Sheridan county land is concerned, is unobjectionable. But defendants claim that the inclusion of the South Dakota land in the receivership invalidates the appointment, at least as to that out-state land. To this contention we cannot subscribe. Defendants have cited us to no such authority and after rather extensive research we have been able to find none. True, the receivership of itself as an attempt to directly affect the South Dakota land is ineffective. *Fall v. Fall, supra; Fall v. Eastin, supra; Carpenter v. Strange,* 141 U. S. 87, 11 S. Ct. 960; 19 Am. Jur. 53, sec. 25. The district court in appointing the receiver doubtless knew that by that order alone it could not affect the South Dakota land. But it had jurisdiction of the subject matter, of part of the *res* and of the parties and it could make the appointment of a receiver, and enforce proper submission by the defendants. "A court of equity having authority to act upon the person may indirectly act upon real estate in another State, through the instrumentality of this authority over the person. Whatever it may do through the party it may do to give effect to its decree respecting property, whether it goes to the entire disposition of it or only to effect it with liens or burdens." *Fall v. Eastin, supra.* See, also *Bates v. Bodie,* 245 U. S. 520, 38 S. Ct. 182, L. R. A. 1918C, 355; *Corbett v. Nutt,* 10 Wall. 464, 475, 19 L. Ed. 976; *Penn v. Baltimore,* 1 Ves. Sr. (Eng.) 444; 19 Am.

Jur. 53, sec. 25; 15 C. J. 818; 21 C. J. 151. The rule has often been applied in receivership cases. "Several cases are reported where a court of equity has appointed a receiver of land situated in a foreign state. There is no doubt in such cases but that the court can enforce its order against those who are subject to its jurisdiction, either territorially or by having submitted themselves to the court in the proceeding in which the receiver has been appointed." 4 Pomeroy, Equity Jurisprudence (4th ed.) sec. 1678. See, also, *Huston v. Cox,* 103 Kan. 73, 172 Pac. 992; *In re Maudslay,* 1 Law Rep. (Ch. Div.) (1900) 602; *Berger v. Loomis,* 169 Or. 575, 131 Pac. 2d 211, 144 A. L. R. 636, and note; *Pouliot v. West India Fruit Co.,* 283 Mass. 182, 186 N. E. 52; *Bailey v. Ryder,* 10 N. Y. 363; *Towne v. Campbell,* 35 Minn. 231, 28 N. W. 254.

In the case last cited the plaintiff had recovered a judgment against the defendant with execution returned unsatisfied and caused the examination of defendant on supplementary proceedings. It developed that the defendant had an interest in land in the territory of Dakota, title to which land was in defendant's wife and had never been in the name of the defendant. The trial judge denied the plaintiff's request for the appointment of a receiver "solely on the ground that he had no jurisdiction to either make an order applying the said real-estate interest for the benefit of the plaintiff, or to appoint a receiver herein in reference thereto or in aid of the plaintiff's rights." On appeal the supreme court of Minnesota reversed the order of the district court, saying: "To reach, for that purpose, real estate lying out of the jurisdiction, the court of chancery could appoint a receiver, and compel the debtor to execute to him such conveyances as would be effectual to pass the real estate according to the law of the state or country where it was situated. (Citing cases.) This it could do by virtue, and in the exercise, of its jurisdiction over the person of the debtor, and it did not thereby assume any power over the real estate itself. * * * The judge ought, therefore, to have determined whether the interest claimed to have been disclosed

was of such character that it could be made available by a receiver, with a proper transfer from the judgment debtor, and, if so, to have appointed a receiver, and required such transfer."

The district court in that case was reversed for doing what the defendants claim the court should have done in this case. We are not prepared to hold that the district court in this case, in the exercise of a reasonable discretion, could not have appointed a receiver only for the Nebraska land and refused to appoint him also for the South Dakota land; but we do hold that what the judge did do was proper. Thus far there is only a naked appointment of a receiver. Yet under the above authorities, and many others which are available, the court could and can, if the ends of justice require, make such other or additional orders, enforceable upon the defendants *in personam*, as will make the receivership effective. That the court has not made, and may never make, such additional orders does not deprive it of the power so to do.

In support of the third assignment of error the defendants claim that the judge, and not the clerk, should approve the bonds and that in any event the clerk should have required justification of the sureties. While it is claimed that section 20-1084, Comp. St. 1929, makes it the duty of the judge and not the clerk to approve such receivership bonds, as distinguished from merely approving the sureties, nevertheless, we express no opinion in regard thereto, nor to the question as to the justification of sureties, since the defendants did not raise any such question in the district court. It has been repeatedly held, at least against sureties, that a defect in, or even a total failure of, approval of judicial bonds does not invalidate them; that the requirement for approval is for the benefit of the parties affected and may be waived by them. *State v. Paxton*, 65 Neb. 110, 122 *et seq.*, 90 N. W. 983; *Holt County v. Scott*, 53 Neb. 176, 73 N. W. 681; *Paxton v. State*, 59 Neb. 460, 81 N. W. 383, 80 Am. St. Rep. 689; Ann. 77 A. L. R. 1479. Thus, in the first case

above cited at page 128, it is said, " * * * it is thoroughly settled that failure to procure approval in time, or even to procure it at all, may be waived." Accordingly, this court has held that any objections with reference to approval of receivership bonds must be made first in the district court or they will not be considered here.

In a case where similar contentions were made as herein this court said that such claims "should have been presented to the district court for its consideration. So far as appears from the record, appellants made no objection in the lower court either to the form of the order appointing the receiver, to the amount or conditions of his bond, or to the approval * * * . Having failed to present these questions to the lower court, they are not now in a position to urge them." *Robertson v. Ostrom,* 1 Neb. (Unof.) 200, 95 N. W. 469. See, also, *Lancaster County v. Graham,* 120 Neb. 785, 235 N. W. 338; *Weber v. Wiley,* 111 Neb. 587, 197 N. W. 384; 3 Am. Jur. 25, sec. 246. In speaking of the failure of the clerk to require the justification of the sureties the defendants in their brief say: "If the court or judge had been presented the bonds in question he most certainly would have insisted upon this." This statement of the defendants would seem to leave no doubt that if the question of approval of the bond had been presented to the district judge he would have passed on it. By failing to object to the approval of the bonds in the district court the defendants have waived the same and cannot now complain in this court.

With reference to the fourth assignment of error, the facts hereinbefore set forth, which were satisfactorily established at the hearing, together with the undisputed fact that the amount due under the mortgage was over $6,000; that no taxes at any time had been paid and only a small amount of interest; and that the reasonable value of the land was not to exceed $4,500, leave no doubt that the security is probably insufficient to discharge the mortgage debt, and under the provisions of section 20-1081, Comp. St. 1929, justify the appointment of a receiver. *Ecklund v. Willis,* 42 Neb. 737, 60 N. W. 1026; *Waldron v. First Nat. Bank,*

60 Neb. 245, 82 N. W. 856; *Prudential Ins. Co. v. Bliss,* 123 Neb. 578, 243 N. W. 842; *Lackey v. Yekel, supra.*

The judgment of the district court is right.

AFFIRMED.