No. 40,053

MARGARET HEIER; JACOB J. HEIER; MARTHA HEIER, a Minor, by MARGARET HEIER, Her Natural and Legal Guardian; PETER ZERR; EDGAR M. ZERR, a Minor, ANGELINE H. ZERR, a Minor, DANIEL J. ZERR, a Minor, HENRY V. ZERR, a Minor, by PETER ZERR, Their Natural and Legal Guardian; EMMA ZERR, also known as EMMA A. N. ZERR; GENEVIEVE ZIEGLER; and ROSALIE KRAFT, *Appellees,* v. PETER HEIER, JACOB HEIER, LUDWIG HEIER, LEO T. HEIER, and PETER HEIER, Executor of the Estate of Celicia Heier, Deceased, *Appellants.*

(296 P. 2d 1095)

562

Opinion filed May 5, 1956.

*Alex M. Fromme* and *Joseph W. Fromme*, both of Hoxie, were on the briefs for the appellants.

*W. H. Clark, Marion W. Chipman,* and *Kenneth Clark,* all of Hill City, were on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This appeal arises out of a partition action but is more specifically from an order of the trial court appointing a receiver therein.

Briefly summarized, the facts in this case were that Balthaser Heier died intestate on November 1, 1944. His death was followed by that of his widow, Cecilia Heier, whose testate estate is now being probated. The parties to the action were the heirs and legatees of Balthaser and Cecilia Heier and were their children or grandchildren. Two of the sons were in possession of and operated certain lands in question in conformance with two family agreements entered into at different times. It will not be necessary to detail all these matters in this particular appeal since the only germane question is whether the trial court erred in appointing a receiver to take charge of certain lands upon which there were growing crops and pasture, to harvest the crops, to take charge of the pasture and other land, and to account for the proceeds therefrom.

The record in the case disclosed that appellants' statements border on an acceptance and a joining insofar as the appointment of a receiver was concerned, but we will pass that point for the moment, without decision thereon, and proceed to what we think is a more important issue.

The parties to the partition suit were tenants in common with respect to the land in question. Under G. S. 1949, 60-1201 we find the provision,

"A receiver may be appointed by . . . the district court . . .:

"*First.* In an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or of any party whose right to or interest in the property or fund or the proceeds

thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

From the above there can be no dispute that the trial court had jurisdiction in this case to appoint a receiver. So far as the probable interest of each party involved was concerned, it may be well to state that the interests ranged from 1/18th to 1/144th based on whether the party was a child or grandchild of Balthaser and Cecilia Heier, who, as previously stated, were both deceased. The trial court in making the order had this to say,

"IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED that the plaintiffs are jointly interested with the defendants in the real estate involved in this action and have a probable claim to the crop of wheat growing thereon, and the rentals to be received from the grasslands, and that plaintiffs' interest in said crop and rentals is in danger of being lost, removed, or injured, and that in order to protect the interests of all the parties in this litigation that a receiver should be appointed and that Mendel Beougher, Attorney at Law, Grinnell, Kansas, should be and he is hereby appointed receiver to harvest said wheat and to rent said pasture lands under the order and direction of this court, and that said receiver should file his bond in the sum of $5,000.00, to be approved by this court and that said receiver should file his oath as provided by law and that upon the filing of said oath and bond that he proceed with his duties as herein set out and as by law defined."

Appellants had no objection to the appointment of Mendel Beougher as receiver if the trial court were correct in its determination that a receiver should be appointed.

The trial court in a colloquy with counsel stated, in substance, that the appellees, plaintiffs below, claimed an interest as tenants in common in the farming operations and that anyone conducting such operations would be doing so as trustees for all the cotenant owners; that appellants, defendants below, claimed to be tenants under a lease agreement whereby all parties agreed to Cecilia's sole control of the farm land for her maintenance and support during her lifetime and as a result, appellants owed only one third of the crops to the cotenant owners. Thus the pleadings and testimony showed the existence of a genuine dispute as to the division of crops to be harvested and accounted for.

Appellants contend that there was never a demand by appellees on the appellants for possession of the lands, inspection thereof, or for an accounting. We cannot agree. The record showed there were cattle pastured on growing crops and certain other crops than wheat produced, but in the testimony of appellants they were vague and uncertain as to facts in regard thereto even at a time when

they were confronted with a lawsuit. Authorities need not be cited in support of the universal rule that the filing of a lawsuit constitutes a demand especially when the pleadings show that an issue exists between the parties as it does here. In addition to this, the testimony disclosed that there were minors' rights involved and the contention of their father that their rights cannot be affected by agreements between adults was not a hollow one.

Appellants at one place maintained the trial court did not find there was danger the crops and rents would be lost, removed, or materially injured, and in the next sentence, they claimed it found only a reasonable ground to fear that appellees would not get a division of the harvest as their rights may show they should. We can see no distinguishable difference between the two and certainly the statute does not so distinguish them.

The record showed that the parties had reached an impasse as to their rights as cotenants and the trial court so found. We think the trial court acted well within its sound discretion. (*Huston v. Cox,* 103 Kan. 73, 172 Pac. 992; *Anderson & Kerr Dr'l'g. Co. v. Bruhlmeyer,* 134 Tex. 574, 136 S. W. 2d 800, 127 A. L. R. 1217, anno *b.,* 1234; 8 *West's* Kansas Digest, Receivers, § 8; 4 *Hatcher's* Kansas Digest, rev. ed., Receivers, § 2; 68 C. J. S., Partition, § 87; 75 C. J. S., Receivers, § 30; 40 Am. Jur., Partition, § 81.) The appointment of a receiver for such a limited purpose as herein set out will not be disturbed on appeal.

Other contentions raised by appellants have been noted but those matters will be determinable when the issues are tried. To cover them now would be to predetermine the lawsuit.

The judgment is affirmed.