J. Hamilton Gillespie, as Mayor, &c. *et al., Appellants,* v. J. B. Chapline, Jr., as Clerk and Treasurer, &c., *Appellee.*

1. It is the duty of counsel for defendant in error or appellee to file in this court a brief, in support of the correctness of the judgment or decree rendered by the trial court which has been brought here for review.

2. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief ; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. This principle applies to all bills in equity, but is especially applicable to bills seeking an injunction, the rule being that the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or legal conclusions.

3. When an application is made to the court for a temporary injunction or restraining order, without notice to the defendant, the allegations in the bill should be even more closely scanned and considered than when the defendant has been served with notice and has the opportunity of resisting the application. Before granting a temporary injunction or restraining order, without notice, the court should be satisfied that a clear case is made by the bill therefor, and also that it has been clearly made to appear that it is a case of urgent necessity and one in which irreparable mischief will be produced if the aid of the court is denied.

4. An affidavit to or an allegation in a bill for an injunction asserting simply the legal conclusion that notice to the defendant of the application for injunction will accelerate the injury apprehended is not a sufficient excuse and furnishes no reason for dispensing with notice. To justify the granting of an injunction *ex parte* and without notice the allegations of the sworn bill or accompanying affidavits must state facts showing how and why the giving of notice will accelerate

or precipitate the injury complained of or apprehended, from which the court can determine for itself whether the giving of notice will, or is likely to, so result, and such facts must make it manifest to the court that the giving of notice of the application will, or is likely to, have such result.

5. The practice of granting a restraining order and allowing time in which to file an indemnity bond is unauthorized.

6. Where dishonest or fraudulent acts are sought to be charged against defendants, the allegations relating thereto should be clear, positive, specific and direct, and not couched in vague, indefinite and uncertain language.

7. While it is not a matter of course to dissolve a restraining order where all the equities of the bill are denied by a sworn answer, as a general rule, this should be done. Whenever it is plainly made to appear to the court that a restraining order should not have been granted in the first instance, for any reason, it should be dissolved by the court at the earliest opportunity.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

STATEMENT.

On the 14th day of December, 1909, the appellee as complainant filed his bill in chancery against the appellants as defendants, which, omitting the formal parts, is as follows:

"J. B. Chapline, Jr., as Clerk and Treasurer of the Town of Sarasota,—Manatee County, Florida, brings this his bill of complaint against J. Hamilton Gillespie, as Mayor of said town of Sarasota and J. A. Clark, G. W. Barker, T. J. Bryan, C. M. Biorsyth and Harry L. Higel, as town council of the town of Sarasota and thereupon your orator complaining says:

That on the 13th day of October, 1909, he was duly elected as Clerk and Treasurer of the town of Sarasota, and that on the 2nd day of November, A. D. 1909, he was duly qualified by taking oath and giving bond, as required under the laws of the State of Florida and the ordinances of said Town of Sarasota; that immediately upon taking charge of the books of account of said town of Sarasota he discovered many errors and irregularities in said books and they were of sufficient nature to lead your orator to believe that there had been dishonesty perpetrated by some of the officers of said town in the matter of the expenditure of the town's money and in the handling of the finances of said town, and he immediately requested the town council of the town of Sarasota to have said books audited; that many of said irregularities in the expenditure of said money implicated the said J. Hamilton Gillespie, mayor of said town, and that said town council, under the direction, advise and domination of said mayor refused to have said books audited, leading your orator to believe, and he so charges, that the said mayor of the town of Sarasota had other than honest motives in so acting in the matter of dominating said City Council and preventing the said books from being audited. That said town council of the town of Sarasota had presented to them by the leading citizens of the town of Sarasota and tax payers of said a petition praying that said books be audited, and upon said council refusing to have said books audited said citizens offered to pay all cost of said audit, and your orator thereupon for himself and for his protection as an officer of said town employed one D. B. High to audit said books, and the said D. B. High proceeded to Sarasota to begin auditing said books, but your orator was informed and believes that the said J. Hamilton Gillespie, as Mayor of said town, would take steps to prevent your orator from having said books audited and did

threaten to take said books out of the possession of your orator before the same could be audited and your orator was further informed and believes that many citizens of the town of Sarasota who are tax payers, being so incensed over the action of said Mayor, would take such steps to prevent said mayor from taking said books out of the possession of your orator and prevent his having them audited, as would lead to riot and bloodshed; that thereupon your orator, upon advice of counsel removed said books to the Town of Bradentown and placed the same in the hands of said Auditor with direction that the same be audited and that said auditor is now working on said books.

And your orator would further represent that he has been informed and believes that since he left the town of Sarasota this morning the said mayor of said town has suspended him from office in order to get possession of said books, and your orator believes that if said mayor gets possession of said books that he will so mutilate them as to destroy the evidence and render it impossible to show by said books the true condition of the town's finances, and show that said mayor was implicated in the wrongful appropriation of the funds of said town.

And your orator would further represent that in having said books audited he is representing himself, as an officer of said town, so as to intelligently keep the finances of the town and to clear himself from any implication in the future as to the misappropriation of said funds, and is also following the wishes of more than one hundred citizens and tax payers of said town in having said books audited and that the audit of said books will not cost the town of Sarasota one cent as the citizens of the said town are paying therefor.

And your orator would further represent that he fears

that unless the court restrains the defendants named herein from taking action to deprive him, either by force or otherwise, from the custody of said books, that said defendants, or some of them will take said books away from him and will so deprive him from having them audited as aforesaid.

The premise considered and in as much as your orator is without remedy save in a court of equity where such matters have cognizance, your orator would pray for a restraining order restraining said defendants and each of them, their agents, servants or employees, from taking said books out of the possession of your orator until he has had the same audited, and if said books have already been taken into possession by some of said defendants their servants, agents or employees, that they be directed and commanded to restore the said books and all papers to your orator and that the said Mayor of said town and the town council of said town of Sarasota be restrained from taking any steps towards removing your orator from office until he has had said books audited and given an opportunity to report said audit to the town council of the town of Sarasota; and that your orator have such other and further relief in the premises as equity shall require and to your honor shall seem meet."

To this bill was appended the following affidavits:

"State of Florida,
       County of Hillsborough.
Before me the undersigned authority personally appeared J. B. Chapline, Jr., who being first duly sworn says that he has read the foregoing bill of complaint; that the matters and things therein contained are true, and that he has not given notice of his intention to apply for an injunction for the reason that to give notice would but

accellerate the injury sought by said injunction to be
avoided.

                    J. B. Chapline, Jr.

Sworn and subscribed to before me
this 14th day of December, 1909.

          J. B. Wall, Judge.


State of Florida,
          County of Hillsborough.

Before me the undersigned authority personally ap-
peared H. V. Whitaker, who being first duly sworn says
that he is a citizen and a tax payer of the Town of Sara-
sota; that he has read the foregoing bill of complaint and
of his personal knowledge there is much excitement among
the citizens of Sarasota and that the said citizens are de-
sirous of having the books of account of said town audited;
and he further believes that unless a restraining order is
granted preventing the Mayor of the town of Sarasota
and the town council of said town from interfering with
the Clerk and Treasurer of said town in having the books
of account of said town audited, that he will be removed
from office and said books taken from him and the same
will be prevented from being audited.

                    H. V. Whitaker.

Sworn and subscribed to before me
this 14th day of December, 1909.

          J. B. Wall, Judge.”


Upon the same day an interlocutory order was made
by the Circuit Judge, which, omitting the caption, is as
follows:

“This cause coming on to be heard this day upon an
exparte application on the part of the complainant for a
temporary restraining order to prevent the defendants
from taking from the possession of the Complainant the

books and accounts of the town of Sarasota,—the Complainant being the town clerk and Treasurer of said town of Sarasota,—until the same can be audited, and, to restrain the mayor of said town and the town council of said town of Sarasota from removing from office the Complainant until said books can be audited and report of such audit be made to the town council; and the court having read the said bill and having considered the same, together with the appending affidavits, and it appearing to the satisfaction of the court that it has jurisdiction of the complainant and the defendants and that an exparte injunction is proper to be issued in this cause;

It is therefore ordered, adjudged and decreed that the said J. Hamilton Gillespie as Mayor of said town of Sarasota and the said J. A. Clark, G. W. Barker, T. J. Bryan, C. M. Biorsyth and Harry L. Higel as town council of said Town of Sarasota, be and they are hereby restrained from interfering in any way with the complainant in having said books audited, and that they be restrained from taking said books out of the possession of the complainant, and if they have taken said books out of the possession of the complainant that they return the same so that they may be audited;

And it is further ordered, adjudged and decreed that said defendants be and they are hereby restrained from taking any steps whatsoever looking towards the removal of said complainant from office until said books have been audited and said auditors report be made to the town council of the town of Sarasota.

It is further ordered, adjudged and decreed that said complainant, within three days from the issuing of this order make and execute in this cause a good and sufficient bond as required by law and the rules and practice of this court, in the sum of $50.00.

It is further ordered, adjudged and decreed that this

order be in full force and effect immediately from and after the same is signed.

Done and ordered this 14th day of December, 1909, at Chambers in the City of Tampa, County of Hillsborough, State of Florida.

J. B. Wall,
Judge of the Sixth Judicial Circuit of the
State of Florida."

On the 15th day of such month, the complainant filed the bond required by such order.

On the 20th day of December, 1909, the defendants filed their joint and several answer to the bill, in which they incorporated a demurrer by which answer they positively and unequivocally controverted and denied all the essential allegations in the bill. To this answer were appended the affidavits of the defendants.

On the 23rd day of December, 1909, the defendants filed a motion to dissolve the restraining order previously granted and which we have copied above, which motion, omitting the formal parts, is as follows:

"And now come J. Hamilton Gillespie, as Mayor of the Town of Sarasota and J. A. Clark, G. W. Barker, T. J. Bryan, C. M. Biorsyth and Harry L. Higel as Town Council of the Town of Sarasota in the above styled cause and move the court to dissolve the injunction heretofore granted in said cause, on the following grounds, to-wit:

1. Because there is no equity in the said bill of complaint filed by complainant in said cause.

2. Because the allegations of said bill do not entitle complainant to an injunction.

3. Because the same was granted without bond.

4. Because the same was granted without notice to defendants.

5. Because the same was granted without notice and

without sufficient allegations or evidence of the existence of such facts and circumstances as entitle complainant to the injunction without notice.

6. Because of the matters and facts set forth and alleged in the answer of defendants in said cause.

7. Because of the matters and facts alleged and sworn to by defendants in their answer upon file in said cause.

Singletary & Reaves,
Solicitors for Defendants."

Upon this motion the following order was made:

"It appearing to the court that no good purpose will be served by dissolving the injunction and that the interests of the citizens and tax payers of the town may be jeopardized by its dissolution, the motion to dissolve is denied.

Dec. 23, 1909.      J. B. Wall, Judge."

The defendants entered their appeal to this court from these two interlocutory orders, assigning errors on each.

*Singletary & Reaves,* for Appellants;

*C. C. Whitaker,* for Appellee.

SHACKLEFORD, J. (*after stating the facts.*)

This is another case in which the appellee has not favored us with a brief. See Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547, and authorities there cited.

We have several times, within the last few years, had occasion to discuss the practice of granting restraining orders without notice and have laid down the principles which should regulate the same, so shall content ourselves with referring to some of such cases. See especially God-

win v. Phifer, 51 Fla. 441, 41 South. Rep. 597, where the subject is fully discussed and authorities collated. Also see Hall v. Horne, 52 Fla. 510, 42 South. Rep. 383; Savage v. Parker, 53 Fla. 1002, 43 South. Rep. 507; Builders Supply Co. v. Acton, 56 Fla. 756, 47 South. Rep 822. We have also held that the practice of granting a restraining order and allowing time in which to file an indemnity bond is unauthorized. Hall v. Horne, *supra,* and Savage v. Parker, *supra.* Tested by the principles enunciated in the cited cases, it is very doubtful, to say the least of it, if the allegations in the bill and appended affidavits warranted the granting of the restraining order in the first instance, especially without notice to the defendants. We call attention to the fact that the bill was brought by the complainant as clerk and treasurer of the municipality, not as a citizen and tax payer.

The allegations as to the dishonest or fraudulent acts which are sought to be charged against the defendants are couched in vague, indefinite and general language. See McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35, S. C. 14 Ann. Cas. 365.

It is also alleged in the bill that the complainant had removed the books of account from the town of Sarasota to another municipality, though by what legal right or authority, we are not advised. We are also at a loss to understand under what principle of equity jurisprudence the defendants could be restrained or enjoined from removing or suspending the defendant from his official position.

Even if we should pass by all these matters, when it was plainly made to appear that the restraining order as made should not have been granted in the first instance for any of the reasons discussed in the cited cases, or which we have mentioned, it should have been dissolved

by the court at the earliest opportunity. See the authorities already cited.

While it is not a matter of course to dissolve a restraining order where all the equities of the bill are denied by the answer, as a general rule, this should be done. See Godwin v. Phifer, *supra,* and Robbins v. White, 52 Fla. 613, 42 South. Rep. 841.

We are clear that in the instant case, after a careful examination of all the pleadings that the court erred in refusing to grant the motion to dissolve the restraining order, therefore it necessarily follows that such interlocutory order must be reversed, and it is so ordered.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, J. J., concur in the opinion.