M. A. SMITH, Liquidator, Trust Company of Florida, v. HENRY H. TAYLOR, Receiver, City Trust Company.

150 So. 803.

Opinion Filed November 10, 1933.

*Edward E. Fleming,* for Appellant;

*Burwell & Sibley* and *Lilburn R. Railey,* for Appellee.

PER CURIAM.—It appears to the Court that this case is in all respects identical with the case of Therrell v. State Life Ins. Co., 107 Fla. 450, 145 Sou. Rep. 220, recently decided by this Court, save and except that the mortgage being foreclosed does not contain any pledge of the rents, issues and profits of the "Julia Tuttle Hotel," the mortgaged property, nor does the mortgage contain a covenant consenting to a receivership in the event of foreclosure.

However, it is alleged in the bill for foreclosure that the taxes are in default and are about to be foreclosed or otherwise enforced, and that the Comptroller's statutory liquidator, operating under authority of the Comptroller's office, is without funds or means to raise funds, with which to pay the taxes due, in order to protect the lien of the mortgage pending foreclosure. This, in the opinion of the Court, warranted the appointment of a judicial receiver with power to issue receiver's certificates to raise funds for the protection of the property.

This Court is not authorized to interfere with the discretion of the court below as to whom it shall appoint to act as the judicial receiver, even though our view may be that the liquidator could with all propriety be also appointed as judicial receiver in addition to acting as liquidator, in the interest of economy, and to avoid conflict of jurisdiction between the courts and the Comptroller *pendente lite.*

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.