THE TOWN OF NORTH MIAMI, formerly The Town of Miami Shores, *et al.,* v. THE TRAVIS COMPANY.

160 So. 360.
Division B.
Opinion Filed March 23, 1935.

*Blackwell & Gray, A. Y. Clement* and *Patterson, Black-well & Knight,* for Appellants;

*Evans, Mershon & Sawyer, and Leo Rosin,* for Appellee.

BUFORD, J.—The appeal before us is from an order denying defendant's motion to strike paragraphs 6 and 7 of the Bill of Complaint which sought to enjoin the expenditure here by the municipality for other purposes than that of applying the same to the payment of the bonded indebtedness of the municipality.

Paragraph 6 of the Bill of Complaint was as follows:

"That the duty was thus imposed upon the said Town to appropriate solely for the purpose of payment upon bonds, notes and interest due in 1933 approximately seventy-four per cent. of the total sum collected in taxes for the fiscal year of 1932-1933, and approximately fifty-eight per

cent. of the total sum collected in taxes for the fiscal year of 1933-1934, to create a separate fund of said sums and to pay out same to the beneficiaries thereof, to-wit, the owners of bonds issued by the City and now matured; that the said duty is a continuing duty; that these said funds constitute a trust fund solely for the purposes above described; that the said proportionate percentage of all future sums collected in taxes for the said years should be deposited in the said separate fund and used solely for the aforesaid purpose; that the said funds could be legally used for no purpose other than in payment of the said bonds, notes and interest thereon; that the said Town has failed to perform this duty in that no part of the sums collected for taxes for the fiscal years of 1932-1933 and 1933-1934, as aforesaid, has been paid on bonds, notes and interest owed by the said Town as aforesaid; that no separate fund composed of the said seventy-four per cent. and/or the said fifty-eight per cent. of the total sums collected as taxes, as aforesaid, has ever been created by the defendants; that the said defendants have misappropriated the said moneys and have used the same for the purposes of general administration; that the said Town has only a small sum, the exact amount of which is unknown to plaintiff, now on hand; that the said Town has only kept one fund composed of all of the moneys collected as aforesaid and had used this fund solely for administration purposes and threatens, unless enjoined therefrom, to use the remainder thereof for the same purposes."

The preceding paragraphs of the Bill of Complaint had alleged in effect that the Town Council had adopted a Resolution constituting a budget for the fiscal years 1932-1933. That under that Resolution the sum of $28,570.00 was appropriated for debt service, bonds due in 1934 and interest

due in 1934. That the total amount provided by the budget was $48,970.00. That the amount appropriated for the payment of bonds and interest as above stated was approximately 58% of the entire amount of the levy. That to provide funds with which to meet the budget 16 mills of each dollar of assessed valuation upon the taxable property lying within the Town of North Miami lying east of Biscayne Bay was levied and 22½ mills on each dollar of assessed valuation on all taxable property in the said Town lying west of Biscayne Bay was levied. That there had been collected from such levy of taxation the sum of $2,-582.40 on the property lying east of Biscayne Bay and $3,402.71 on the property lying west of Biscayne Bay.

Paragraph 7 of the Bill was as follows:

"That if the defendant, Town of North Miami, and the officials thereof hereinbefore described, have notice of the filing of this suit, and the application for an order restraining them from misappropriating the funds now in their hands, and appropriated solely for the purpose of payment upon matured bonds and interest, and if the plaintiff is required to give notice to the said defendants of his application for an order restraining said defendants from misappropriating said funds, the injury to plaintiff will be accelerated and the objects of his application for said order will be defeated; that said defendants will, pending the hearing of said application, be permitted to, and will, dispose of and misappropriate the entire fund now on hand by applying the same to general administration purposes and the plaintiff will suffer irreparable injury and damage."

The Bill contained pertinent allegations showing that it was the statutory duty of the municipality to levy a tax sufficient to meet the payments maturing on its bonded indebtedness and interest.

Now the question which it appears to us is presented here is as follows:

"Where a municipality is obligated to pay outstanding bonds with interest thereon and, therefore, is under the duty to provide funds with which to pay such maturing obligations and its duly authorized officers have passed, approved and adopted a budget determining the amount of money which must be raised by taxation for the purpose of meeting these obligations as they mature, as well as meeting other obligations, and by the budget resolution specifically appropriates and allocates certain sums of money therein named to each of the several items which must be provided for and one item in such budget resolution being designated as a definite amount to meet maturing bonds and interest and which amount is approximately 58% of the whole amount provided for in the budget, and later by resolution levied a tax which is based upon the amount declared to be necessary to be raised as stated in the budget, should a court of equity enjoin the municipality and its officials from applying all of that portion which has been allocated by the budget to debt service to general administration expenses?"

The other question presented here is, "Whether or not the allegations of paragraph 7 of the Bill, as above quoted, are sufficient to warrant the granting of a restraining order without notice."

We deem it unnecessary to devote any space to discussing the question as to whether or not a duty rested upon the municipality to assess, levy and collect taxes to pay its bonded indebtedness which had been lawfully created and incurred. It can hardly be questioned that this duty exists and should be performed.

There is no question as to the municipality exceeding its

authority by levying, or proposing to levy, a greater tax than is necessary to meet the payment of its obligations. We think it cannot be gainsaid that the municipal officers were duly authorized and required to adopt a budget as a basis for the levy of necessary taxes.

A municipality is without authority to make appropriation in any one year for a greater amount than is allowed to be collected by taxation. Section 1895 R. G. S., 3005 C. G. L.

The purpose of adopting a budget is to determine what amount of money is necessary to be raised by taxation.

It is well settled that appropriation for a particular purpose cannot be used for a different purpose, except where it is otherwise provided by statute or charter. McQuillins Municipal Corporations, 2nd Ed., Vol. 5, Section 2350.

It appears to us that it is not necessary to enter into a lengthy discussion of the first question as it is settled by the opinion and judgment of this Court in the case of Keefe, et al., v. Adams, 106 Fla. 733, 143 Sou. 644, and authorities there cited. See also Chamberlain v. City of Tampa, 40 Fla. 74, 23 Sou. 572; Oven v. Ausley; et al., 106 Fla. 455, 143 Sou. 588.

As to the second question involved, hereinabove stated, under Sec. 73 of the 1931 Chancery Practice Act, where a Bill of Complaint verified under oath, or where affidavit in support of Bill of Complaint shows that the injury apprehended will be done if an immediate remedy by way of injunction is not afforded, the Circuit Judge to whom the same is presented may grant instanter an order restraining the party complained of until the hearing or the further order of the court. It is only necessary in such case that it be made manifest to such Judge by the allegations of the Bill of Complaint so verified, or by affidavit of the complainant,

or. other competent person, that such result will follow unless such restraining order be granted. It is, therefore, by this statute made a matter within the judicial discretion of the Circuit Judge to grant or deny an application for restraining order when so made and when the Circuit Judge has exercised such discretion a reversal of his ruling can only be had upon the showing of abuse of discretion, which is not made to appear in this case.

For the reasons stated, the order appealed from should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.