DIXIE MUSIC CO., INC., v. H. H. PIKE and WILLIAM SHAYNE, individually, and trading and doing business as Dixie Music Co.

185 So. 441.

Opinion Filed December 28, 1938.

*Murrell & Malone, H. H. Wells* and *Herbert S. Dubbins,* for Appellant; ·

*L. J. Cushman, Richard H. Hunt* and *Thomas W. McIlvain,* for Appellees.

PER CURIAM.—This appeal is from an order appointing a receiver and entering a restraining temporary order, without notice to the opposite parties.

On July 1, 1937, H. H. Pike brought his bill of complaint against William Shayne, individually, and trading and doing business as Dixie Music Co., and Dixie Music Co., Inc., a

Florida Corporation, praying that a receiver be appointed to take charge of all of the property of the defendants and to operate the business; that defendants and their servants, agents and employees by enjoining from removing, concealing or tampering with the records of defendants, and from removing money from the coin operated devices until further order of the court; that the keys to the coin operated devices and the records of defendants be ordered turned over to the receiver; that all property held by Dixie Music Co., Inc., be decreed to be subject to the lien of plaintiff's judgment, and that all transfers of property from Shayne to the corporation be decreed to be in fraud of creditors and the conveyances held void; and that an accounting be had.

The bill alleged in substance that William Shayne, doing business as Dixie Music Co., owned and operated a large number of phonographs and other musical devices, a large number of amusement devices commonly known as marble boards and games of skill, and slot machines, all of which devices were operated by means of inserting a coin in a slot, and were let out or placed by defendant in various locations throughout the State of Florida, under agreements with the owners of the locations, by which Shayne was paid a large part of the proceeds from the operation of said machines; that plaintiff, on March 16, 1936, instituted suit and later recovered judgment for $4,999.00 and costs against William Shayne, trading and doing business as Dixie Music Co.; that on May 19, 1937, execution was issued on said judgment; and placed in the hands of the Sheriff of Dade County, and there is now due and owing plaintiff under said judgment and execution, which are in full force and effect $5,103.53, no part of which has been paid; that in May, 1936, William Shayne, trading and doing business as Dixie Music Co., with intent to delay, hinder and

defraud plaintiff and other creditors of their just and lawful actions, suits, debts, accounts, damages and demands, caused to be organized a corporation, known as the Dixie Music Co., Inc., authorized to have outstanding 50 shares of stock, 48 of which were subscribed for by Shayne, who became president and general manager thereof; that while plaintiff's action for damages was still pending William Shayne transferred to the corporation all of the coin operated devices and automobiles owned by him, and thereafter he operated said business under the name of Dixie Music Co., Inc.; that Shayne, as president and general manager of the corporation, is in actual control of all the property, and he is receiving all the profits from the operation of the business; that the corporation, as the *alter ego* of Shayne, holds all of the property and claims to receive all of the profits, although it paid Shayne nothing for the transfer of said property, except to issue to him 48 shares of capital stock; that the corporation, when organized, had no assets, property or capital, except that turned over to it by Shayne, it being a device created solely for the purpose of placing the property of Shayne beyond the apparent reach of plaintiff and other creditors; that the slot machines are being operated under a license issued to William Shayne, under the authority of Chapter 17257, Acts of 1935, and the corporation now claims to own and operate the machines although it holds no license to do so; that each of said coin operated devices contains from $25.00 to $150.00 in cash, and the location of each is, for the most part, unknown to plaintiff, and can only be ascertained from an examination of records in the possession of defendants; that the defendants, their servants, agents and employees are in possession of keys, by means of which these coin operated devices may be opened and money taken therefrom, and are in possession of the automobiles, the

locations of which are unknown to plaintiff; that if plaintiff gives notice of this hearing, the servants, agents and employees of defendants would spirit away, conceal or destroy the records showing the location of said coin operated devices, would remove from said devices all money contained therein, would tamper with said devices so they would be worthless in the hands of a receiver, and could easily conceal or remove from the jurisdiction all of the automobiles.

L. J. Cushman, attorney for plaintiff, appended to the bill his affidavit as to the necessity of proceeding without notice.

On the same day the bill of complaint was filed, the court entered its order, as follows:

"The above-styled cause coming on this day to be heard upon the plaintiff's sworn bill of complaint:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows:

"1st. That Henry H. Taylor, Jr., be and he is hereby appointed as Receiver *pendente lite* of all of the goods and and chattels, money and effects of the Defendant, William Shayne, trading under the name of Dixie Music Co., and of all of the goods and chattels, moneys and effects of the Defendant Dixie Music Co., Inc., and the said Receiver is hereby directed and ordered to forthwith take possession of and take into his care, custody and control all of the books, records, papers and documents of either the said William Shayne, trading and doing business as Dixie Music Co., or idividually, pertaining to the business known as the Dixie Music Co., Inc., and to take into his care, custody, possession and control, all coin operated devices, including phonographs, marble games, games of skill, or slot machines, including all money contained in all such devices or ma-

chines, and all automobiles, trucks, or other vehicles and all other property used in the business of the said Dixie Music Co., Inc., and to operate the said business until the further order of this Court, and to hold all of said property and effects subject to the order of, this Court.

"2nd.   That the Defendants, William Shayne, individually, and trading and doing business as Dixie Music Co., and the defendant, Dixie Music Co., Inc., and their servants, agents and employees, are hereby ordered and directed to forthwith deliver to the Receiver hereby appointed, all of the property and effects mentioned in the first paragraph of this order, and they and each of them are hereby restrained and enjoined, until the further order of this Court from in any way interfering with the said Receiver, or with any of the property hereby ordered delivered to the said Receiver, or from in any way interfering with the business known as Dixie Music Co., Inc., in the hands and custody of the Receiver.

"3rd.   That the defendants, and their servants, agents and employees are hereby ordered to turn over to, and deliver to the said Receiver, or to his representatives, all keys or combinations to locks, required to open or gain access to any of the said coin operated devices, and all money in any bank, deposited to the credit of William Shayne, or Dixie Music Co., Inc.

"4th.   That the Receiver be and he is hereby ordered and granted leave and permission to appoint such agents as may be necessary in order to take charge of the property described herein, and to operate the said business, always subject to the approval of the Court.

"5th.   That the said Receiver shall within 24 hours file a good and sufficient bond in the penal sum of $2500.00 conditioned as provided by law.

"6th. That this order shall be effective upon the delivery thereof to either of the defendants, or to any of their servants, agents or employees in charge of the said business known as Dixie Music Co., or by delivery to them of a true copy hereof.

"Done and ORDERED in Chambers in the City of Miami, Dade County, Florida, this first day of July, 1937."

From this order an appeal was taken by Dixie Music Co., Inc.

Two amendments were made to the bill of complaint after the above order was entered. The substance of the first amendment is that at the time the bill was filed, William Shayne did not have in his possession or in his name any property which might or could be levied upon for satisfaction of plaintiff's demand. The substance of the second amendment is that Shayne indorsed in blank all outstanding stock in the Dixie Music Co., Inc., and delivered it to the Mercantile National Bank of Miami Beach to be held for the account of and subject to the order of Shayne, and also had executed in the name of the corporation a chattel mortgage, between five and ten thousand dollars, covering all of the property, in favor of the bank; and that one of the bank employees told the Receiver that neither Shayne nor the corporation owed the Bank anything, but that Shayne asked the Bank to retain the mortgage in an unsatisfied condition as a favor to him.

The question to be determined is stated by plaintiff-in-error as follows:

"Is a bill of complaint sufficient to authorize the appointment of a receiver without notice, and to grant a temporary restraining order without notice or bond, when no positive verified allegations of fact are shown in the bill that injury will be done, and the affidavit appended to the bill is based

purely upon conjecture, conclusion, speculation and belief only?"

The statement, in the question presented, that the restraining order was issued without bond being first required of *plaintiff* is borne out by an examination of the order of the court. The bond of $2500.00 required to be filed by the *receiver* within 24 hours, was intended to insure a further faithful receivership of the property. The order of the court did not provide or contemplate that the receiver's bond also indemnify defendants in the event that the restraining order was improperly procured by plaintiff.

A temporary injunction or restraining order should not be awarded without requiring the filing of an indemnity bond, unless it is satisfactorily made to appear that an exception for not requiring such bonds exists, in accordance with the requirements of the statute, Sec. 4969 (3177) C. G. L., Merryman v. Southern Tours, 120 Fla. 440, 162 So. 897, citing Drew Lumber Co. v. Union Investment Co., 66 Fla. 382, 62 So. 836; Stockton v. Harmon, 32 Fla. 312, 13 So. 833; Gillespie v. Chapline, 59 Fla. 500, 52 So. 722. It is not made to appear by any allegations in the bill or the accompanying affidavit that plaintiff is unable to give bond of indemnity or other security, as contemplated by the statute, Sec. 4969 (3177) C. G. L. So the court should have required plaintiff to file bond of indemnity before issuing the restraining order.

The next phase of the case to be considered is whether there was sufficient cause (1) for issuing the temporary restraining order and (2) appointing the receiver.

Section 73 of the 1931 Chancery Act, Chapter 14658, provides as follows:

"In all cases of applications for injunction, the judge to whom presented, before granting the same, shall be satis-

fied that sufficient notice of the application has been given to the party sought to be enjoined and of the time and place when the motion is to be made, and no order for such injunction shall be granted without such notice, unless it is manifest to such judge, from the *sworn allegations* in the *bill* or the *affidavit* of the *complainant* or *other competent person,* that the injury apprehended will be done if an immediate remedy is not afforded, when he may grant instanter an order restraining the party complained of until the hearing or the further order of the court, which restraining order shall have all the force of an injunction until rescinded or modified by the court." (Emphasis supplied).

This section of the Chancery Act is practically the same as Equity Rule 46. Upon Equity Rule 46, we said, in the case of Thursby v. Stewart, 103 Fla. 990, 138 So. 742:

"Equity Rule 46 provides that, in all cases of applications for injunctions, the judge to whom presented, before granting the same, shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined, and of the time and place where the motion is to be made, and no order shall be granted without such notice unless it is manifest to such judge from the sworn allegations in the bill or affidavit of the complainant, or other competent person, that the injury apprehended will be done, if an immediate remedy is not afforded, when he may grant instanter an order restraining the party complained of until the hearing or the further order of the court or judge.

." 'To justify the granting of an injunction *ex parte* and without notice the allegations of the sworn bill or accompanying affidavit must state facts showing how and why the giving of notice will accelerate or precipitate the injury complained of from which the court can determine for itself whether the giving of notice will, or is likely to, so

result, and such facts must make it manifest to the court that the giving notice of the application will, or is likely to, have such result.' Godwin v. Phifer, 51 Fla. 441, 41 So. 597, 600, and other cases cited therein."

See also in this connection Town of North Miami v. Travis & Co., 118 Fla. 879, 160 So. 360; B. L. E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47; Gillespie v. Chapline, 59 Fla. 500, 52 So. 722; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822.

The bill of complaint is not sworn to. However, L. J. Cushman, attorney for plaintiff, appended to the bill his affidavit, as to the necessity for proceeding without notice, which affidavit was in the following language:

"Before me, the undersigned authority, duly authorized to administer oaths, personally appeared L. J. Cushman, to me well known, who being duly sworn, deposes and says that he has read the foregoing bill of complaint, and that all of the facts stated therein are true, and that he verily believes that unless the receiver prayed for and the injunction prayed for be granted without notice, that the said defendants, their servants, agents or employees will hide or destroy all of the books, records and papers of the said defendant, William Shayne, and the said defendant, Dixie Music Co., showing the location and whereabouts of all of the said coin operated devices and any and all other records pertaining to the business of the said defendants, and that the said servants, agents or employees will, if notice be given, extract and take from all of the said coin operated devices all of the money therein contained, and will tamper with the said devices in such a way as to render the same useless and incapable of operation, and will hide or secrete or take beyond the jurisdiction of this Court all of the automobiles used in the said business of the said defendants,

and that by reason thereof, the said receiver prayed for should be appointed without notice."

This affidavit was sworn to by L. J. Cushman, on July 1, 1937, before Norma Fay Evers, a Notary Public of the State of Florida at Large. The gist of the affidavit is that the facts stated in the bill of complaint are true, and affiant *believes* that if notice is given the defendants, they, or their agents, servants or employees will hide or destroy all of the records showing the locations of the coin operated devices, will take from said devices all of the money contained therein, will tamper with said devices so as to render them beyond the jurisdiction of the court. The affidavit does not state further that because of this belief, affiant states upon oath that these things will or are likely to take place, if notice is given of the hearing. The statements in the affidavit must be direct and positive. See Thursby v. Stewart, 103 Fla. 990, 138 So. 742. The affidavit also states that the facts stated in the bill of complaint are true, so the allegations of the bill, as to the necessity of proceeding without notice, will be considered.

The bill alleged the necessity of proceeding without notice in the following language:

"If the plaintiff in this case *should* give notice of his intention to apply for a receiver to take charge of all of the assets and all of the property of the said William Shayne, which is now in the possession of the servants, agents or employees of the said William Shayne or in the possession of his *alter ego,* the said corporation, known as Dixie Music Co., Inc., the said servants, agents or employees *could* and the plaintiff alleges that the said servants, agents and employees *would* spirit away and hide or conceal or destroy all records showing the location of the various coin operated devices, so that a receiver appointed by this Court could not locate the same, for the purpose of taking the

same over and *would* take advantage of the delay occasioned by giving such notice, *to visit* all of the said slot machines and other coin operated devices, and *to remove* therefrom all money and *would* tamper with the said machines so that the said machines would be worthless in the hands of a receiver appointed by this court if the said coin operated devices could be located so that the same could be taken over by the receiver; that all of the said automobile *could* be easily concealed or removed from the jurisdiction of this Court if notice *were* given before a hearing could be had and the plaintiff verily *believes* that if notice *should* be given, that the purpose of a receivership *would* be thwarted, and the appointment of a receiver *would* be fruitless if the said defendants and their servants, agents or employees have time or are allowed sufficient time within which *to spirit* away, *conceal* or otherwise *dispose* of all of the said property; that all of the coin operated devices are customarily visited by the servants, agents or employees of the defendants at frequent periods, for the purpose of withdrawing therefrom all of the money contained therein, and that all of the money now in the machines as well as that accruing from day to day is in truth and in fact the property of the said William Shayne, and should be seized and held for the satisfaction of the plaintiff's judgment, and that if notice *were* given of an application for a receiver all of the money *could* and *would* be taken and removed from the said machines before a receiver *could* be appointed to take charge thereof, and that notice of the application *would* tend to accelerate and aggravate the injuries sought to be remedied by this bill of complaint." (Emphasis supplied.)

To justify granting an injunction *ex parte,* without notice, the allegations of the sworn bill or the accompanying affidavit *must state facts* showing how and why the giving

of notice will accelerate or precipitate the injury complained of, from which the court can determine for itself whether the giving of notice will or is likely to have such result. Godwin v. Phifer, 51 Fla. 441, 41 So. 597. The allegations in such bill or affidavit should be more closely scanned than when notice has been given and defendant has had an opportunity of resisting the application, and the court should be satisfied that a clear case is made, and that it is a case of urgent necessity in which irreparable mischief will be produced if relief is denied. Gillespie v. Chapline, 59 Fla. 500, 52 So. 722.

Section 74 of the 1931 Chancery Act, Sec. 4979 (1) C. G. L., Perm. Supp. 1936, provides in part as follows: .

"The provisions of the foregoing section (Section 73 quoted herein) as to notice shall apply to applications for the appointment of receiver or other extraordinary remedy in equity to the extent they may be applicable. * * *"

Thus so far as applicable, the rules of law relating to granting a temporary restraining order without notice apply also to the appointment of a receiver without notice. The allegations in the bill as to the necessity for proceeding without notice apply to both the appointment of the receiver and the issuance of the temporary restraining order alike.

The appointment of a receiver rests largely in the discretion of the court, Mirror Lake Co. v. Kirk Securities Corporation, 98 Fla. 946, 124 So. 719; Singleton v. Knott, 101 Fla. 1077, 133 So. 71; Prudence Co. v. Garvin, 118 Fla. 96, 160 So. 7, which means discretion exercised within the limits of applicable provisions of law and equity, and does not imply that the court may act according to mere whim or caprice. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241. The appointment of a receiver without notice should not be made except upon

positive verified allegations of fact showing that the injury will be done if an immediate remedy is not afforded. Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 So. 557. This power should be exercised only in cases of the greatest emergency, demanding the immediate interference of the court for the prevention of irreparable injury; and in such case the bill should set forth with particularity the facts and circumstances relied on to justify an *ex parte* exercise of this extraordinary power, and should be sworn to or supported by the affidavit of complainant or other competent person. Jones v. Rakestraw, 59 Fla. 537, 59 So. 927. See Martorano v. Spicola, 110 Fla. 55, 148 So. 585.

The averments in the affidavits as to the things that are threatened to be done if notice is given cannot be considered because predicated solely on the belief of affiant. The question now is whether the bill (the allegations of which the affidavit states are true), alleged with the requisite certainty that the alleged threatened acts of defendants would actually be committed. Plaintiff used the future conditional "would" and the infinitive preceded by the preposition "to," of the verbs employed, in almost every instance when alleging what the defendants, their servants, agents or employees would do, if notice was given. This form of allegation, using the conditional future and the infinitive of the verbs employed, is not as positive and definite, as if plaintiff had used other means of alleging the threatened acts, such as these things "will be done" or these things "are going to be done." But if all of the allegations relating to the necessity of proceeding without notice, when taken together, manifestly make it appear to the judge that the apprehended acts will be committed, precipitating the injury sought to be avoided, the form of the allegation will not be fatal to the cause, since this is a proceeding in equity, where

substantive rights can be dealt with more readily than at law.

The bill of complaint was filed and the order, appointing the receiver and issuing the temporary restraining order, was issued on July 1, 1937, just three months before the effective date of Chapter 18143, Acts of 1937, repealing the law licensing certain coin operated devices, and making it unlawful to own or operate said devices. The bill of complaint contains no allegation to the effect that Chapter 18143, Acts of 1937, would become effective October 1, 1937, or that such law had been passed, or that certain coin operated devices of defendants could be lawfully operated for only three months longer. The court, however, could take judicial notice of the fact that Chapter 18143, Acts of 1937, had been passed, and that it would become effective October 1, 1937, as provided in Section 12 of the Act. The chancellor when reading the allegations of the bill of complaint, and adding to that the judicial knowledge he possessed as to the passage of Chapter 18143, Acts of 1937, and the effective date thereof, and being apprised of the fact that the defendants could not possibly operate certain of their coin operated devices for more than three months and might operate them for less time, could have reasonably concluded that if the defendants were notified of the proceeding to place all of the property in receivership and to restrain them from doing certain things, in order to satisfy plaintiff's judgment against William Shayne, might decide to abandon the licenses to operate for the remaining few weeks, even with those coin operated devices not prohibited by Chapter 18143, Acts of 1937, and leave the State with all of the property, leaving plaintiff without any means of satisfying his judgment. In such circumstances, we do not think the chancellor committed reversible error in entering the temporary restraining order and in appointing the receiver.

The chancellor should have first required an indemnity bond of *plaintiff* before entering the temporary restraining order. To correct this omission, it is ordered that after the mandate is received in the court below, before the plaintiff shall be allowed to proceed further in the cause he shall be required to give bond, in an amount to be determined by the chancellor, sufficient to indemnify the defendant, Dixie Music Co., Inc., from any loss it has already sustained or may sustain by reason of plaintiff's improperly procuring the restraining order and appointment of a receiver. In all other respects the order appealed from is affirmed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.