117 So.2d 845 (1960)
BELK'S DEPARTMENT STORE, MIAMI, INC., a Florida Corporation, Appellant,
v.
Harry SCHERMAN, Appellee.
No. 59-581.
District Court of Appeal of Florida. Third District.
February 15, 1960.
*847 George H. Henry, Miami, for appellant.
Louis Glick, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellant, who was a defendant in the circuit court, filed this interlocutory appeal from an order denying a motion to dissolve an order granting certain injunctions and appointing a receiver.
Appellee was a lessee of a department within a department store owned and operated by appellant. Their lease called for the lessee to pay a rental of ten percent of his gross sales. The lessor was to receive such sales receipts and keep them separate, deduct its ten percent and account to the lessee twice a month.
Lessee filed this suit, seeking to enjoin the lessor from progressing a landlord and tenant proceeding for his ouster pending in the civil court of record, and from interfering with lessee's occupancy, appointment of a receiver, and requiring the lessor's bank, joined as a defendant, to pay to the receiver funds held there for the lessor representing proceeds from lessee's department, and for an accounting thereof and judgment for amounts found due.
An order was entered, without notice, and without requiring bonds, granting the injunctions against the lessor as prayed, enjoining the defendant bank from paying out any monies on deposit there to the lessor's account, and appointing a receiver as prayed.
No appeal was taken from that order. However, the lessor moved the court to dissolve the injunctions and receivership. No evidence was taken at the hearing on the motion to dissolve, and the chancellor had before him only the pleadings and the statements of counsel and of the receiver.
The contention that there was no sufficient showing to dispense with notice (see § 64.02, Fla. Stat., F.S.A.; Rules 3.19, 3.20, Florida Rules of Civil Procedure, 31 F.S.A.), and that the entry of the order for injunction and appointing a receiver without notice and prior hearing was error, is a contention that is not available on this appeal, which is from the order denying the motion to dissolve. This is so because the benefit of notice and an opportunity to be heard was secured on the hearing of the matter before the court on the motion to dissolve. Also, it has been held that appearing and moving to dissolve an injunction or vacate the appointment of a receiver on grounds going to the propriety and merits of the granting of the injunction or appointment of the receiver, and not challenging lack of notice alone, operates to waive and cure the defect of want of notice. Modisett v. Campbell, 144 Neb. 222, 13 N.W.2d 126; Eason Oil Co. v. Oklahoma City Petroleum Corp., 185 Okla. 448, 94 P.2d 222; Baptist Missionary and Educational Convention of State of Texas v. Knox, Tex.Civ.App. 1929, 23 S.W.2d 781; Cocke v. Naumann, Tex.Civ.App. 1945, 188 S.W.2d 781; 1 Clark, Receivers, § 82(a) (3d ed. 1959); Annotation, Ann.Cas. 1915C, 897, 904; 75 C.J.S. Receivers § 90.
From an examination of the briefs and the record, including a transcript of the proceedings on the motion to dissolve, it is not made to appear that the chancellor abused his discretion in denying the motion to dissolve, although in two respects pointed out hereinbelow we must hold the chancellor was in error.
A party seeking and obtaining a restraining order or other form of injunction, unless he or she makes a sufficient showing of poverty or inability to make bond, must, *848 as a condition of the effectiveness of such injunctive order, be required to file a bond, with good and sufficient surety, to be approved by the court or clerk of the court, payable to the opposing party or parties, in the principal amount fixed by the court, and conditioned as required by law. Sections 64.02, 64.03, Fla. Stat., F.S.A.; Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441; Lewis v. Lewis, Fla. 1953, 66 So.2d 260; International Brotherhood of Teamsters, etc., v. Miami Retail Grocers, Fla. 1954, 76 So.2d 491. See 17 Fla.Jur., Injunctions, §§ 70, 71.
A bond similar in form and conditions may be, and ordinarily is required of a plaintiff who obtains ex parte or for purposes such as those of the instant case, the appointment of a receiver. See Dixie Music Co. v. Pike, supra; 1 Clark, Receivers, §§ 79.1 and 79.1(b) (3d ed. 1959); 75 C.J.S. Receivers § 62. And a receiver, especially where his duties will consist of or include handling substantial sums of money, should be required to file a bond, with good and sufficient surety, payable to the State of Florida, in an adequate amount to be fixed by the court, conditioned on his faithful performance of his prescribed duties in that office. 1 Clark, Receivers, §§ 119, 119(a) (3d ed. 1959); Kooman, Florida Chancery Pleading & Practice, § 348 (1939); 27 Fla.Jur., Receivers, § 16; 45 Am.Jur., Receivers, § 94.
When a person's conduct is restrained, or his business or property handed over to a receiver, the protection which such bonds afford should not be lightly dispensed with, but should be zealously guarded and uniformly enforced by the courts. Such orders for injunction and receivership may have serious and far reaching effects on a person's liberty of action and his property or business. The party who initiates such drastic writs and processes should be made to place himself in a position of accountability, at least to the extent that the law specifies, to recompense his adversary for losses sustained, if it should be concluded ultimately that his action which brought it about was irregularly or improvidently invoked, or his cause without merit.
Here the chancellor, in denying the motion to dissolve, made an order for bond, saying "It is further Ordered, Adjudged and Decreed that the plaintiff herein, Harry Scherman, post bond in the amount of $15,000 to abide the outcome of this suit; and that said bond be posted within 24 hours of this order." That provision for bond was inadequate. It does not specify the obligee, provide for surety, or for approval, and does not specify or make reference to the conditions required by law for such bonds. Moreover, it makes no provision for a receiver's bond. A bond was filed following that order, in which the condition stated was as follows:
"Now, therefore, if the said Harry Scherman shall well and truly pay all costs and damages the defendant may sustain in consequence of plaintiff improperly suing out said Writ of Garnishment, then this bond to be null and void, else to remain in full force and virtue."
That bond would avail nothing as to the injunctions entered against the lessor. The bond speaks of a writ of garnishment being issued. There was no garnishment writ against the bank. There was an injunction entered against the bank, which read: "It is further Ordered, Adjudged and Decreed that [the defendant] Little River Bank & Trust Company of Miami, be and the same is hereby enjoined from paying out any funds in its possession hitherto deposited by the defendant, Belk's Department Store, Miami, Inc., until further order of this court."
The chancellor should have first required an indemnity bond of the plaintiff before entering the restraining orders and appointing the receiver; and a bond should have been required of the receiver. To correct these omissions it is ordered that upon *849 remand of this cause and after the mandate is received in the court below, as a condition of continuance of the injunction orders and the receivership, and before the plaintiff shall be allowed to proceed further in the cause, he shall be required to give a bond with good and sufficient surety, in a principal amount to be determined by the chancellor, sufficient to indemnify the defendant Belk's Department Store, Miami, Inc., from any loss it has already sustained or may sustain by reason of plaintiff's improperly procuring the restraining orders and/or appointment of receiver if it should be finally determined that the said orders were improvidently issued or the cause dismissed; and a bond of the receiver shall be filed, in proper form, and in an appropriate amount to be determined by the chancellor. See Dixie Music Co. v. Pike, supra, 135 Fla. 671, 185 So. 441, 447-448.
It was argued by counsel for the appellant-lessor on the hearing on the motion to dissolve before the chancellor, and the argument was repeated here, that the injunction against the bank was too sweeping. In that respect appellant's counsel was correct. That the injunction against the bank was too broad, appears on the face of the injunction order, the applicable portion of which was quoted above. The injunction went beyond the prayer, which had sought a "garnishment" in the form of an order to require the bank to pay over to the receiver the amounts held on deposit for the lessor which were the proceeds of the lessee's department sales. Instead of affecting only the proceeds from the appellee-lessee's department sales, the order enjoined the bank from paying out any monies on order of the lessor, thus effectively tying up the lessor's entire account in the bank, with consequent harm and inconvenience to lessor's business which his counsel called to the court's attention. If that error has not already been corrected, the order should be modified accordingly.
The order appealed from is affirmed in part and reversed in part, and the cause is remanded for modification and for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and PEARSON, J., concur.