CARROLL, CHAS., Judge.
The appellees, who were the plaintiffs below, filed a suit in equity against Metropolitan Dade County, its county manager and the administrators of its Building and Zoning Department, seeking a declaratory decree and an injunction.
The plaintiffs alleged in a sworn complaint that a certificate of competency as a swimming pool contractor had been issued to Polk Pools, Inc., for work to be done under the supervision of Victor H. Polk; that in the course of constructing swimming pools on private property plaintiffs made use of soakage pits for drainage or disposal of the pool water; that such pits are pre *738 pared apart from the pools and are connected thereto by drainage pipes; that as an incident to such construction the defendant officials charged with the administration of the ordinances relating thereto have required an additional plumbing permit to be obtained by a general plumbing contractor;[1] that such constitutes an incorrect interpretation of the county’s ordinances; that it adds needlessly to the cost of pool construction; that their disregard of that requirement has resulted in the pendency against plaintiffs of a number of violation notices; that such notices were issued maliciously and “in a studied campaign of harassment against the plaintiffs”; that plaintiffs have exhausted all administrative remedies, and have no relief except in equity. The complaint prayed for a decree determining plaintiffs’ rights as swimming pool contractors under the building code, for an injunction “to prevent the violation of their rights by the defendants,” for a mandatory injunction “to require defendants * * * to permit the plaintiffs to enjoy their full and' unlimited rights as swimming pool contractors”; and prayed for a restraining order, with or without notice, to enjoin defendants “from harassing plaintiffs, or from the enforcement of any of the notices of violation now pending before the Metropolitan Dade County Building and Zoning Department.”
The court granted to plaintiffs a restraining order, without notice and without bond, enjoining the defendant Building and Zon *739 ing Department of Dade County and its directing officials from enforcing against the plaintiff any pending violation notices as prayed for, and went further and enjoined enforcement of penalties for future violations.[2]
The defendants have appealed, contending there was a failure to exhaust administrative remedies, and that there was no showing in the complaint to justify an injunction without notice or without bond.
Relying on the proposition that a provided administrative remedy must be resorted to before seeking any court relief from an administrative regulation (citing DeCarlo v. Town of West Miami, Fla.1950, 49 So.2d 596; Morrison v. Plotkin, Fla. 1955, 77 So.2d 254; Hennessy v. City of Fort Lauderdale, Fla.App.1958, 101 So.2d 176), appellants contended that the South Florida Building Code provides for appeal to an established Board of Rules and Appeals having power to affirm, modify or reverse the ruling of the administrative officials. That contention of appellants, based on an asserted fact not shown in the complaint, is without merit here because, as appellees point out, it was alleged in the complaint that administrative remedies had been exhausted. Appellants’ contention to the contrary could be presented by answer and create an issue on that question, but it can not be said that the complaint disclosed a failure to exhaust administrative remedies.
The second point raised by appellants, which was that the complaint made no showing sufficient to dispense with the requirement for notice and hearing on the injunction application, presents a more serious problem.
Rule 3.19, F.R.C.P., 31 F.S.A., entitled “Injunctions: Notice: Allegations of Complaint,” provides that on all applications for injunction the judge “shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined and of the time and place when the motion is to be made,” and that no injunction shall be granted without notice unless it is made to appear from the sworn allegations of the complaint or a supporting affidavit “that the injury apprehended will be done if an immediate remedy is not afforded.”
Appellants point out that the complaint was lacking in any allegations to show how the giving of notice would accelerate the injury complained of. Appellees sought by injunction to prohibit the enforcement of penalties for certain violations with which they had been charged. Those violation notices had resulted from a difference of opinion between the plaintiff swimming pool contractor and the defendant county officials with reference to the requirement for a plumbing contractor permit incident to use of a certain drainage system constructed in connection with the pools. It was not alleged that any enforcement proceedings were imminent or set for any particular day. Moreover, the injunction also restrained enforcement of penalties for violations which might occur in the future. Certainly the complaint laid no basis to conclude that the giving of notice of application for the injunction would accelerate enforcement of *740 penalties for violations which had not yet occurred.
On these questions the appellees argued that the complaint alleged a case for relief by injunction, and, therefore, no harm could result from the failure to give notice as required by the rule. But appellees point to no allegations of the complaint which would demonstrate that the injury sought to he avoided by injunction would be accelerated through notice.
We conclude that the issuance of the injunction without notice was contrary to rule 3.19, F.R.C.P., in that there was an absence in the complaint of a showing to dispense with such notice. Godwin v. Phifer, 51 Fla. 441, 41 So. 597; Savage v. Parker, 53 Fla. 1002, 43 So. 507; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Gillespie v. Chapline, 59 Fla. 500, 52 So. 722; Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441.
Dealing with an earlier court rule on this subject, similar in material respects to present rule 3.19, F.R.C.P., in the case of Godwin v. Phifer, supra, the Supreme Court said (41 So. at pages 600-601) :
“ * * * An affidavit to or an allegation in the bill asserting simply the legal conclusion that ‘notice to the defendant of the application for injunction will accelerate the injury apprehended’ is not a sufficient excuse, and furnishes no reason, for dispensing with notice. Richardson v. Kittlewell, 45 Fla. 551, 33 So. 984. To justify the granting of an injunction ex parte and without notice the allegations of the sworn bill or accompanying affidavit must state facts showing how and why the giving of notice will accelerate or precipitate the injury complained of from which the court can determine for itself whether the giving of notice will, or is likely to, so result, and such facts must make it manifest to the court that the giving of notice of the application will, or is likely to, have such result. In addition, we might state that, if notice were given to the defendant of the time and place of the application, he would have an opportunity of interposing his defense thereto by appropriate pleadings, both complainant and defendant would have the right to introduce evidence, and the court would then be in a position to consider the merits of the case as presented by the entire record. Pensacola & G. and A. & G. C. R. R. Co. v. Spratt, 12 Fla. 26, text, 114, 91 Am.Dec. 747; section 1466, Rev.St. 1892 [F.S.A. § 64.06]; Sullivan v. Moreno, 19 Fla. 200; Fuller v. Cason, 26 Fla. 476, 7 So. 870; Campbell v. White, 39 Fla. 745, 23 So. 555.”
Also, in Dixie Music Co. v. Pike, supra, the Supreme Court said (185 So. at page 446):
“To justify granting an injunction ex parte, without notice, the allegations of the sworn bill or the accompanying affidavit must state facts showing how and why the giving of notice will accelerate or precipitate the injury complained of from which the court can determine for itself whether the giving of notice will or is likely to have such .result. Godwin v. Phifer, 51 Fla. 441, 41 So. 597. The allegations in such bill or affidavit should be more closely scanned than when notice has been given and defendant has had an opportunity of resisting the application, and the court should be satisfied that a clear case is made, and that it is a case of urgent necessity in which irreparable mischief will be produced if relief is denied. Gillespie v. Chapline, 59 Fla. 500, 52 So. 722.”
In challenging the order on the ground that no injunction bond was required, appellants contended that the complaint failed to make a showing of poverty or other reason sufficient to excuse noncompliance with that requirement. See § 64.03, Fla.Stat, F.S.A. Appellees argued that no injury or loss could result from the issu- *741 anee of the injunction, and that in certain instances injunction bonds have been held not to be necessary. Those arguments of appellees do not constitute a sufficient answer to the problem. The bond is to pay costs, damages and expenses which may result to the defendants in the event the injunction is dissolved or the cause dismissed, and it could not be determined with any certainty, before the injunction was issued, that no such costs, damages or expenses could result therefrom. The contrary is presumed by the legal requirement for an injunction bond, which is mandatory unless a showing is made in the complaint sufficient to dispense with bond. The complaint here made no attempt at any such showing. See Dixie Music Co. v. Pike, supra; Lewis v. Lewis, Fla.1953, 66 So.2d 260; Belk’s Department Store, Miami, Inc. v. Scherman, Fla.App.1960, 117 So.2d 845.
For the reasons stated the injunction order appealed from should be, and hereby is
Reversed.
HORTON, C. J., and PEARSON,. J., concur.

. Paragraph 9 of the complaint set forth the applicable ordinance as follows:
“That there are applicable hereto certain sections of the South Florida Building Code adopted October 29, 1957, by the Board of County Commissioners, Metropolitan Dade Conty, Florida, Ordinance Number 57-22. The Court will be requested to take judicial notice of such sections thereof which are not directly quoted. The immediate pertinent sections of the Code are:
“ ‘4601.5 (a) Permits Required: It shall be unlawful to commence work on any building or premises on which plumbing is required or is to be installed; perform any work covered by the Plumbing Code including, but not limited to, the excavation or obstruction of any public or private street, alley or other thoroughfare for the purpose of installing plumbing, sewer or drainage work or connect to any public or private water supply system and/or sewer or appurtenance thereof, commence the construction, reconstruction, alteration, repair and/or remodeling of any plumbing, sewer, septic tank, sewage or liquid waste treatment system, surface drainage, public swimming pools, supply or drainage wells, fire lines, water supply and waste connections from air handling and heating units and/or other drainage work without first having filed application and obtained a plumbing permit from the Plumbing Inspector, except that no permit will be necessary for the repair of leaks, unstopping of sewers or waste pipes, repairing faucets or valves or cleaning of a septic tank where such work is located within the property lines.
“ ‘4618.3 Private Swimming Pools: (7) A suitable method of disposing of the backwash water from the filters shall be provided. Where pool drain outlets are to discharge into sewers carrying sanitary or storm sewage or any other polluted point of disposal there shall be no direct connection, and outlets shall be so designed as to prevent the possibility of pool contamination. Diatomite waste shall not be discharged without passing through an interceptor basin to remove the diatomite. Discharge to sprinkler or irrigation systems is allowable providing the specified backwash rate can be maintained and no cross-connection with a potable water supply shall exist.
“ ‘Soakage pits, dry wells and drain-fields are acceptable provided no other disposal is available and they will not interfere with existing drainfields, soak-age pits or water supply wells. The completed plans shall show waste disposal locations in addition to water supply, all existing buildings and controlling elevations. In no ease shall water be discharged onto other persons’ property.
“ ‘5004.1 Application of Plumbing: Piping in connections with swimming pools shall not be considered as being under the Plumbing Code, Chapter 46, except that pool piping will require plumbing permits and be subject to inspection by the Plumbing Inspector and that actual connections to potable water supply and sanitary sewers shall be in accordance with Chapter 46.’ ”

. The restraining order was as follows:
“This Cause came on to be heard on the plaintiffs’ sworn complaint and prayer for a Temporary Restraining Order, without notice, and the Court haying examined the Complaint and the Exhibits attached thereto, and being otherwise fully advised in the premises, it is thereupon
“Ordered, Adjudged and Decreed that the plaintiffs’ prayer be and the same is hereby granted, and the Defendants, Metropolitan Dade County Building & Zoning Department, through its Director Robert F. Cook, and Robert F. Cook, as Director, and his successor in office, are hereby enjoined from enforcing the provisions of any notices of violation of the South Florida Building Code, adopted by the Board of County Commissioners of Metropolitan Dade County, Florida, October 1, 1957, Ordinance 57-22, which are now pending or shall become outstanding pending the further Order of this Court.”