PER CURIAM.
These interlocutory appeals have been consolidated for all appellate purposes. The first numbered appeal is from an order appointing a receiver in a mortgage foreclosure proceeding. The second is from an order denying a motion to dismiss.
Defendant urges that, as to the appointment of the receiver, it was error to make such appointment prior to the actual service of process on the defendant. While this argument could be made under some circumstances, it ' is not available .to *680 the appellant here inasmuch as there is no general rule requiring service prior to the appointment of the receiver whenever an emergency exists. See the rule in Bochterle v. Florida Milk Co., 1938, 132 Fla. 827, 182 So. 215 and Dixie Music Co. v. Pike, 1938, 135 Fla. 671, 185 So. 441. Under the present circumstances, it is clear that defendant had adequate notice of the application and was in no way prejudiced by the failure to be served with process before the hearing. Also, as to the appointment of the receiver, the defendant urges that the plaintiff entered the court with unclean hands. Under the facts revealed by the record, the appointment of the receiver was within the discretion of the trial court. Welch v. Gray Moss Bondholders Corporation, 1937, 128 Fla. 722, 175 So. 529 and Dixie Music Co. v. Pike, 1938, 135 Fla. 671, 185 So. 441.
The ground upon which the defendant urges that the plaintiff’s complaint for foreclosure should have been dismissed is:
“That this Court lacks jurisdiction of the person and of the subject matter in that there is no entity before the Court as Plaintiff pursuant to the law in the State of Florida.”
It urges that the plaintiff, a Massachusetts investment trust, must appear by all the trustees. The named plaintiff is: “R. A. Krause, as Nominee of the Trustees of ATICO MORTGAGE INVESTORS, a Massachusetts business trust.” The plaintiff, so styled, was the named payee on the indebtedness that was the subject of the foreclosure. This exact point has been passed upon by the District Court of Appeal, Fourth District, in Your Construction Center, Inc. v. Gross, Fla.App.1975, 316 So.2d 596. We follow the holding of that court. See also Boyd v. Boulevard National Bank, Fla.App.1975, 306 So.2d 551. We further note that such holding does not eliminate the possibility that there could be a motion to add parties under RCP 1.250.
Affirmed.