PER CURIAM.
We affirm the appointment, without pri- or notice, of a receiver of the mortgaged property in this mortgage foreclosure action because the mortgagor defaulted in making mortgage payments and failed to pay the real estate ad valorem taxes for three years, and failed to remit rentals to the mortgagee pursuant to an assignment of rentals after default and after the mortgagee had exercised its right to receive rentals and had made a written demand therefor pursuant to section 697.07, Florida Statutes. See Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441 (1938); Bochterle v. Florida Milk Co., 132 Fla. 827, 182 So. 215 (1938); Smith v. State Life Insurance Co., 114 Fla. 371, 153 So. 842 (1934); Smith v. Taylor, 112 Fla. 597, 150 So. 803 (1933); Pasco v. Gamble, 15 Fla. 562 (1876); Overseas Dev. Inc. v. Krause, 323 So.2d 679 (Fla. 3d DCA 1975), cert, denied, 336 So.2d 107 (Fla.1976). See also, Chapman v. Chapman, 526 So.2d 131 (Fla. 3d DCA 1988); Annot., Appointment of Receivers — “Waste” 55 A.L.R.3d 1041, § 14[a] (1974).
AFFIRMED.
COWART, PETERSON and DIAMANTIS, JJ., concur.